**Harry A. Sell, Appellant, v. Charles H. Fisk, Appellee.**

**Gen. No. 20,273.　(Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed January 26, 1915. ·

### Statement of the Case.

Action by Harry A. Sell against Charles H. Fisk to recover damages for personal injuries. At the close of plaintiff's case the court, on motion of defendant, excluded the testimony and directed a verdict because of the insufficiency of the declaration. To reverse a judgment entered on the verdict, plaintiff appeals.

Albert H. Fry, for appellant.

Brundage, Landon & Holt, for appellee; Robert N. Holt, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

1. Trial, § 212*—*insufficiency of pleadings as ground for direction of verdict.* The insufficiency of the declaration cannot be tested on a motion to direct a verdict, even though it is fatally defective, for by pleading to the merits the defendant admits its sufficiency and elects to proceed to the trial of an issue of fact. The fact that a defendant by pleading does not waive substantial defects in the declaration and may take advantage thereof by a motion in arrest of judgment does not affect the rule.

2. Negligence, § 204*—*right to direction of verdict.* Where plaintiff's exercise of due care becomes a question of fact for the jury, a directed verdict for defendant is improper even though the declaration did not allege the exercise of due care, since the verdict might cure such defect.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.