Hugo Filippi, Appellant, v. Samuel Cole and B. Leo Steif, Individually and as Copartners, Trading as Cole & Steif, Appellees.

Gen. No. 34,733.

Opinion filed May 19, 1931.

Loesch, Scofield, Loesch & Richards, for appellant.

George A. Schneider, for appellees.

Mr. Justice Kerner delivered the opinion of the court.

This is an appeal from a judgment in favor of Samuel Cole and B. Leo Steif, defendants, in an action by Hugo Filippi, plaintiff, to recover the amount of compensation paid by plaintiff to Carl Lighthall, one of his employees, for an injury arising out of and in the course of his employment, but which it is claimed was caused by the sole negligence of defendants. In other words, this was an action by an employer against a third party on the liability provided for by the first part of section 29 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229. Defendant demurred generally, which was sustained, plaintiff abiding by his declaration, judgment of *nil capiat* was rendered against plaintiff.

The defendants contend that it is necessary for plaintiff to set out in the declaration that his employee had given notice of the accident within 30 days; that a claim for compensation was made within six months after the alleged accidental injuries were sustained; that the declaration should recite facts showing the kind of enterprise plaintiff was engaged in or that defendants were engaged in; allege the weekly wages of Lighthall and contain a copy of the award, agreement or settlement contract.

The first count of the declaration alleges that on March 3, 1927, plaintiff was within, under and subject to the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, engaged in making alterations and repairs in and on a building in the City of Chicago, and Carl Lighthall was in the employ of plaintiff,

engaged in loading two doors into an elevator propelled by electricity in said building, and in the exercise of ordinary care for his own safety, and while so engaged, within, under and subject to said Workmen's Compensation Act, defendants were the owners of and in possession of said building and said elevator and were operating said elevator within, under and subject to said Workmen's. Compensation Act, etc., then and there negligently caused and permitted the elevator and its machinery, etc., to be and become out of order, defective and unsafe to ride upon and as a result thereof said elevator with said Carl Lighthall therein suddenly dropped downward and Carl Lighthall was injured, etc., and he was required to spend for physicians, hospitals, etc., in endeavoring to be cured of his injuries the sum of $350; that the said injuries to Lighthall were accidental injuries and arose out of and in the course of his said employment; that said injuries were not proximately caused by the negligence of plaintiff or any of its employees; that because of the premises and the facts and circumstances hereinbefore set forth and because plaintiff and Lighthall complied with the provisions of said Workmen's Compensation Act, plaintiff became liable under the provisions of. said Workmen's Compensation Act to pay Lighthall compensation and money in the amount of $350, and plaintiff did pay said sum of money to Lighthall pursuant to awards of the Industrial Commission of the State of Illinois under said Workmen's Compensation Act and pursuant to the provisions of said Workmen's Compensation Act.

The second count was substantially the same as the first, except that it alleged that the defendants invited plaintiff's employee to use the elevator in question. The third count is substantially the same as the first and second counts, except that it alleged that defendants operated the elevator, and plaintiff used it in

and about his work with the knowledge and consent of defendants.

Plaintiff contends that the right of action is simply the employee's cause of action transferred to the employer, with no other conditions to its enforcement than the requirement of freedom from contributory negligence on the employer and a limitation on the amount of the recovery, and that, so construed, the action is one for injuries to the person. This was the view of the law taken by this court in *Hartman Furniture & Carpet Co. v. Chicago City Ry. Co.,* 218 Ill. App. 647. We consider this analysis of the right of action as fully supported by the decisions of the Supreme Court in *Taylorville v. Central Illinois Pub. Serv. Co.,* 301 Ill. 151; *Bauer v. Rusetos & Co.,* 306 Ill. 602; *Carson, Pirie, Scott & Co. v. Chicago Rys. Co.,* 309 Ill. 346, and *Schlitz Brewing Co. v. Chicago Rys. Co.,* 307 Ill. 322, in which case the court said that the right of action conferred on the employer by section 29 is the same right of action the employee had before the adoption of the Act, transferred to the employer. The declaration in the instant case stated a cause of action for wrongful injuries to plaintiff's employee, and alleged ultimate facts showing that the injured person, at the time of the injury was an employee, that an award had been made by the industrial commission in favor of the employee and against the employer, the amount of the award, and that the injury was not proximately caused by the negligence of the employer, and the demurrer should have been overruled.

The judgment of the circuit court will be reversed and the cause remanded with directions to overrule the demurrer to the declaration.

*Reversed and remanded with directions.*

SCANLAN, P. J., and GRIDLEY, J., concur.