Carson-Payson Company, Appellant, v. Peoria Terrazzo
Company, Appellee.

Gen. No. 9,114.

Opinion filed January 18,
1937.   Rehearing denied February 20, 1937.

Miller, Elliott & Westervelt, of Peoria, for appellant; Eugene R. Johnson and Donald G. Beste, both of Peoria, of counsel.

Hunter, Kavanagh & McLaughlin, of Peoria, for appellee.

Mr. Justice Dove delivered the opinion of the court.

The plaintiff herein is a plumbing and heating company and on December 6, 1932, was engaged in carrying out the provisions of a contract to install certain plumbing at the Woman's Reformatory at Dwight, Illinois. The defendant is a corporation and was engaged, at the same time, in carrying out the provisions of a contract it held to lay a terrazzo floor in some of the rooms of said reformatory. Emory Rhodes was another contractor and some of the defendant's employees had removed some boards belonging to Rhodes, which had been used by him in a plasterer's scaffold in the dining room and had piled them in a corridor which opened off the dining room. This corridor was seven or eight feet in width and about 30 feet long. Coit S. King was a plumber, in the employ of the plaintiff and in the course of his work in going from one part of the building to another his most direct and convenient route led through this corridor. On Dec. 6, 1932, as he was walking along the side of this pile of lumber, some of the boards toppled over upon him, breaking both bones of his right leg and as a result thereof he was incapacitated for 17 weeks. Both the plaintiff and defendant companies were subject to the Workmen's Compensation Act of this State and the plaintiff paid compensation to King, amounting to $339.75. Thereafter this suit was brought by the plaintiff under section 29 of the Workmen's Compensation Act (Ill. State Bar Stats. 1935, ch. 48, ¶ 229; Jones Ill. Stats. Ann. 143.44) which gives to an employer who has paid compensation to an injured employee a right of action

against a third party when the injury for which compensation was paid was caused under circumstances creating a legal liability for damages to such third person and not proximately caused by the negligence of the employer or his employees.

The pleadings consisted of a complaint and answer which raised two issues of fact, viz.: first, was the defendant guilty of the negligence charged, and second, was King, the injured employee, in the exercise of due care for his own safety upon the occasion in question. These issues were presented to a jury and at the conclusion of all the evidence the defendant moved for an instructed verdict. The court reserved its ruling upon this motion and the cause was submitted to the jury, resulting in a verdict finding the defendant guilty and assessing the plaintiff's damages at $339.75.

Thereafter the trial court granted the motion upon which he reserved his ruling and rendered judgment, notwithstanding the verdict in favor of the defendant and against the plaintiff in bar of the action and for costs of suit. From that judgment the record is brought to this court for review.

It is insisted by counsel for appellee that the complaint is fatally defective in that there is no allegation therein to the effect that appellant was free from contributory negligence and that such defect was properly raised by a motion for an instructed verdict at the close of all the evidence. In support of this contention counsel calls our attention to the case of *Filippi v. Cole*, 262 Ill. App. 108. That case holds that a declaration which stated a cause of action for wrongful injuries to plaintiff's employee and alleged ultimate facts showing that the injured person, at the time of the injury, was an employee and that an award had been made by the industrial commission in favor of such employee and against plaintiff, the amount of the award and that the injury was not proximately caused by the negligence

of the employer, was sufficient, when challenged by a general demurrer. That case also holds that the right of action against a third party under section 29 of the Workmen's Compensation Act is the employee's cause of action transferred to the employer and in *City of Taylorville v. Central Illinois Public Service Co.*, 301 Ill. 157, it was held to be incumbent upon the plaintiff to prove facts creating a legal liability of the third party and resulting damages just as the employee would have been called on to make such proof if his right of action had not been transferred to the plaintiff.

Conceding that the complaint in the instant case was defective in that there was no allegation to the effect that appellant was free from contributory negligence, that defect was not objected to in the trial court and under the provisions of section 42 of the Civil Practice Act, which provides that all defects in pleadings, formal or substantial, not objected to in the trial court are waived, the sufficiency of this complaint cannot, for the first time, be challenged in this court. Appellee, in the trial court, never filed any motion in the nature of a demurrer to dismiss the complaint. It never filed any motion in arrest of judgment, did not question the sufficiency of the complaint in its answer and did not urge any defect in pleading as a reason in support of its motion for judgment notwithstanding the verdict. A motion for a directed verdict is in the nature of a demurrer to the evidence and does not reach a defect in the complaint. *Smith v. Redman*, 244 Ill. App. 434; *Sell v. Fisk*, 191 Ill. App. 194; *Klofski v. Railroad Supply Co.*, 235 Ill. 146. Furthermore, counsel for appellee and the trial court both treated the complaint as sufficient in this respect inasmuch as the record discloses that the instructions offered by the defendant, appellee below, and given by the court, told the jury, not only once but several times, that proof of due care on the part of the plaintiff, as well as of King, was a material

allegation of plaintiff's complaint and that unless such allegation was proven by a greater weight of the evidence, the jury should find the defendant not guilty. Although the complaint did not formally allege that the plaintiff, appellant here, was in the exercise of due care for the safety of its employees at the time King was injured, counsel for appellee and the trial court both assumed that such allegation was in the complaint and the error therefore was a harmless one.

In the brief of counsel for appellee, wherein is set forth the statement of the propositions to sustain the judgment of the trial court, it is not contended that the evidence was insufficient to sustain the verdict but in the course of counsel's argument it is insisted that the testimony of King, upon cross-examination, disclosed that he might have stepped upon something on the floor which dislodged the pile of lumber and caused it to fall. King's testimony on both direct and cross examination was to the effect that he did not touch or bump against this pile of lumber and was unable to state what caused it to fall upon him. Whether he was in the exercise of due care just before and at the time he was injured was a question of fact for the jury to be determined from all the evidence and from all the facts and circumstances properly in evidence and not from an answer to one question from which the jury might be justified in concluding that it was possible that the pile of lumber toppled over because King might have stepped on something which caused it to become dislodged. The evidence upon the question of negligence must also be considered as a whole and in connection with all the facts and circumstances in evidence. The negligence charged in the complaint was that appellee, by its employees, carelessly and in a wilful and wanton disregard of its duties piled this lumber in the corridor in a negligent and careless manner and allowed the same to remain in that condition. The evidence disclosed that

Emery Rhodes was the plasterer contractor and he owned this lumber and had been using it as part of a scaffold in the dining room, and when he had finished with it, appellee's employees, under the direction of appellee's foreman, removed it and placed it in the corridor. The boards were 2 x 10s or 2 x 12s, all approximately 16 feet long and to many of them a considerable quantity of plastering had adhered. The evidence is further that the floor of the corridor was rough concrete and strewn with rubbish and the scaffold boards, when removed to the corridor, were either piled up or thrown upon this rubbish. There is evidence in the record that appellee's employees piled them in either two or three separate piles, each pile being approximately three feet high. There is other evidence to the effect that these boards were not piled in separate piles but were, as one witness expressed it, ''just thrown in the corridor and piled up like you would pile your fingers together.'' Mr. King, however, testified that as he passed along the corridor just before he was injured, he glanced at the pile of boards, observed them before they fell and they seemed to him to be piled evenly and as such boards were customarily piled and that they then appeared to him to be safe. The evidence is further that this pile of boards was in the same condition at the time of the accident as when placed in the corridor by appellee's employees. From a careful reading of all the evidence, we think it fairly tends to prove the allegations of the complaint, both as to the charge of negligence and of due care and those issues were properly submitted to the jury under proper instructions from the court. There is no complaint that the instructions were erroneous in any respect or that the court erred in its rulings upon the admission or rejection of evidence. This court therefore being of the opinion that the motion of appellee at the close of all the evidence should have been denied will enter the

judgment here which the trial court should have entered.

Section 68 of the Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 196; Jones Ill. Stats. Ann. 104.068, provides that if a party in whose favor a verdict is rendered shall assign error in the Appellate Court upon the order of the trial court entering judgment notwithstanding the verdict and the Appellate Court shall be of the opinion that the trial court erred in so doing, that then the Appellate Court shall reverse such order and shall order or enter judgment in accordance with the verdict of the jury, unless it shall appear that there was error in the case that would have entitled the party in whose favor the judgment notwithstanding the verdict was entered, to a new trial if such judgment had not been entered by the trial court, in which case a new trial shall be ordered. In appellant's notice of appeal, appellant asked this court to enter this order and inasmuch as the record discloses no error which would have entitled appellee to a new trial and being of the opinion that the verdict of the jury is not manifestly against the weight of the evidence, the judgment and order of the trial court will be reversed and judgment entered in this court in favor of the plaintiff and against the defendant for $339.75 and costs of suit in the trial court and also in this court.

*Judgment reversed and judgment here.*