Raymond A. Rozny, Jr., et al., Plaintiffs-Appellees, v. John Marnul, d/b/a Jens K. Doe Survey Service, Defendant-Appellant.

Gen. No. 50,432.

First District, Second Division.

May 2, 1967.

BRYANT, J., dissenting.

Tom L. Yates and Hauseman & Hoolehan, of Chicago (Leif J. Locke and Carl E. Abrahamson, of counsel), for appellant.

Westbrook, Jacobson and Brandvik, of Chicago (Lowell H. Jacobson and James A. Brandvik, of counsel), for appellees.

PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment in favor of plaintiffs, after a jury verdict, in the amount of $13,350. Defendant is a surveyor, who furnished a builder with a survey and plat. The plat was found to be inaccurate. Plaintiffs later acquired the property covered by the plat.

Plaintiffs' original complaint based their action on theories of both negligence and contract. Before the case went to the jury, the negligence count was stricken. The case proceeded to trial based on a "guarantee" contained in the plat.

On August 27, 1953, defendant made a lot or construction survey for S & S Builders, for the vacant property located at 605 Oakton Street, Park Ridge, Illinois. On August 21, 1955, defendant issued a written location plat of survey for the same property, this time locating the building lines on the survey. Defendant did not know the person for whom he did the survey but believed it was for a builder, one Harold Nash. Defendant admitted the survey was inaccurate. As a result of the error, plaintiffs' driveway was constructed so as to encroach on the next lot by about two feet.

The City of Park Ridge issued a building permit to Nash on June 27, 1955. The Park Ridge Federal Savings and Loan Association gave him a loan commitment of $14,000, when Nash presented the Association with the Torrens title on the property and the inaccurate survey of August 21, 1955. This is the only survey the Association had in connection with the property. The Association indicated they would not make the mortgage if the survey did not correctly locate the building on the property. Defendant testified that he discovered the August 21, 1955, survey was inaccurate and reissued a cor-

111

rected survey on August 25, 1955, which was sent to the person who originally ordered it. The Savings and Loan Association never received the so-called corrected survey and was never informed of its existence. There is no testimony showing that Nash ordered the property to be resurveyed or that he received a copy of the corrected survey.

Plaintiffs first saw the property in January, 1956, when the builder, Nash, showed it to them. Plaintiffs agreed to purchase the property and went to the Park Ridge Federal Savings and Loan Association. Mr. Brinker of the Association advised them there was an existing construction loan of $14,000 on the Oakton Street property, which was made by Nash and that plaintiffs could finance the purchase by assuming the Nash mortgage. All the documents concerning the property were reviewed by plaintiffs with Mr. Brinker, at the closing, including the incorrect survey, which was in the files of the Association. The closing took place in February, 1956.

There was a driveway on the premises extending to the back of the house. In September, 1956, plaintiffs extended the driveway and built a garage, based on a stake in the back and a mark on the sidewalk. Plaintiffs testified that the first time their attention was called to any possible discrepancies in the location of the driveway, garage and lot, was about two years before the trial.

The survey of August 21, 1955, was signed by defendant and had his Illinois surveyor's seal affixed thereto, (he was a licensed registered surveyor) and the survey plat contained a written representation that "the plat above is a correct representation of said survey and location," a further statement that "this plat of survey carries our absolute guarantee for accuracy" and was signed by defendant in his capacity as a surveyor.

At the trial, Olaf Nilsen, a house moving and shoring contractor, testified that the estimated cost of moving the house and garage and rehabilitating both so they

112

would be properly located on the lot, would be $13,030. He further testified that the cost of labor had increased 15% per year since 1956.

The jury returned a verdict against defendant in the sum of $14,000, which was later reduced by a voluntary remittitur to $13,350. A judgment in that amount was entered. This appeal is from that judgment.

Defendant's appeal is based on the theory that

    (1)  plaintiffs' cause of action is barred by the five-year statute of limitations as the alleged contract was oral;

    (2)  the guarantee did not extend to plaintiffs in that

        (a)  there was no privity between plaintiffs and defendant,

        (b)  a surveyor is liable only to his direct employer,

        (c)  the contract involved was not a third-party beneficiary contract, and

        (d)  there was no reliance on the alleged contract or guarantee,

    (3)  the verdict was contrary to the manifest weight of the evidence;

    (4)  the damages awarded were excessive and not supported by the evidence; and

    (5)  the trial court erred in rulings on evidence and in instructing the jury.

The gist of plaintiffs' argument, in reply to the arguments raised in defendant's second contention, is that an expanded concept of the doctrine of strict liability has abolished the barrier of privity and related defenses. Plaintiffs wish this court to apply the decision reached in Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182 (1965), so that parties not in privity with a surveyor may maintain a cause of action on a written representation contained in a survey. It is our opinion that the

decision reached in Suvada, supra, was not meant to apply to such a situation.

Plaintiffs reason, however, that in both the Suvada case and the case at bar there was a representation by defendant and damage to the plaintiffs' property and that there is no reason to treat property damage or commercial losses resulting from the negligence of any expert any differently than bodily injury in the products liability field. We disagree. Plaintiffs' complaint is not based in tort on the negligence of the surveyor, but rather in contract on his alleged guarantee. The lack of privity is an effective defense to their cause of action.

Plaintiffs call our attention to the case of Craig v. Everett M. Brooks Co. (Mass), 222 NE2d 752 (1967). We do not feel that that decision is applicable to the case at bar because the action was one in tort and not in contract.

Plaintiffs also call our attention to the case of Laukkanen v. Jewel Tea Co., Inc., 78 Ill App2d 153, 222 NE2d 584 (1966). That case dealt with the liability of a licensed professional engineer for improper building design which resulted in the collapse of a building and injury to the plaintiff. The court rejected a lack of privity defense and stated:

> We do not believe that privity of contract is a prerequisite to liability. This action is ex delicto, not ex contractu. The central issues revolve around a charge that defendants failed to exercise that degree of care in the performance of professional duties imposed upon them as members of a licensed profession which exists in large part to prevent harm to the public from structurally unsafe buildings. The building in question was certified as structurally adequate. It was to be occupied and used by the public for business purposes, and the defendants knew it. *If contract law should play any part in our determination, it*

114

*would be our conclusion that plaintiff was a third-party beneficiary of the contract of structural adequacy between the owner and the defendants.* However, we do not base our decision upon the law of contract. We conceive that the defendants owe a duty to respond in damages to those members of the general public who can be reasonably anticipated to be present in the structure they designed when negligence in design is a causal factor in injuries sustained through collapse of the building. (Emphasis supplied.)

The Laukkanen decision is not applicable because the liability is based on tort and not on contract. Plaintiffs, however, want us to follow the language which we have emphasized above and reject the defense of privity in a contract action. We disagree. The language which was emphasized in the above opinion was only dicta.

■ ■ Furthermore, we do not feel that plaintiffs were a third-party beneficiary to the contract in that there was no direct benefit to plaintiffs. The principle is well settled that if a contract is entered into for the direct benefit of a third person, such third person may sue if the contract is breached. If, however, the benefit is only incidental, the third party has no right of recovery. In the instant case, no direct benefit accrued to plaintiffs under the contract or "guarantee."

For the above reasons, the judgment is reversed.

Judgment reversed.

BURKE, J., concurs.

BRYANT, J., dissents.
Inasmuch as we agree with the arguments raised in defendant's second contention, we do not consider the issue of whether the cause of action was barred by the five-year statute of limitations.