RICHARD McAFEE, Plaintiff-Appellant, *v.* ROCKFORD COCA-COLA BOTTLING CO., Defendant-Appellee.

Second District (2nd Division)   No. 75-412

Opinion filed July 27, 1976.

Thomas F. Rutherford, of Rockford, for appellant.

Daniel T. Williams, Jr., of Roszkowski, Paddock, McGreevy & Johnson, of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The plaintiff appeals from the order of the circuit court dismissing his action for damages based on fraud and deceit (Count I), negligent misrepresentation (Count 2) and innocent misrepresentation—strict liability (Count 3).

In his complaint the plaintiff alleges that on a date prior to February 7, 1975, and at a time when he was otherwise employed, he had a discussion with certain "employees and agents" of the defendant, Rockford Coca-Cola Bottling Co., regarding the possibility of his employment with that company. He further alleges that on February 7, 1975, these employees and agents of the defendant "acting within the apparent scope of their authority, represented to the plaintiff positively and without qualification that a job in the defendant's service department was his and that he should report to work on February 17, 1975"; that he inquired of these agents of the defendant whether he was free to give notice of termination to his then employer and was told he should feel free to do so; that in reliance thereon he gave notice to his then employer and did in fact terminate his employment with that employer on February 12, 1975; that on February 14, the plaintiff was informed by telephone message from one of the defendant's agents that he would not be hired by the defendant; that he did not in fact become an employee of the defendant and as a consequence was without employment and received no wages for about three months. The plaintiff seeks $2,000 as compensatory damages and $5,000 as exemplary damages.

The defendant moved to strike the complaint as to all three counts for failure to state a cause of action and the trial court granted the motion and dismissed the action.

■■■ In this appeal the plaintiff contends that the trial court was in error in dismissing any of the three counts of the complaint. In our opinion the ruling was clearly correct as to the action for fraud and deceit. The plaintiff, strangely enough, invokes the decision of this court in *Broberg v. Mann*, 66 Ill. App. 2d 134, in support of his contention that Count 1 contains the necessary elements to establish fraud and deceit. We think a careful reading of that case indicates the opposite conclusion. In that case the plaintiff bought certain farm lands from the defendant which the plaintiff believed and the defendant represented to contain some 26 acres. Actually, it contained about 21 acres. The plaintiff sued in an action for fraud and deceit and the defense was that the misrepresentation did not amount to fraud and deceit and only amounted to a mutual mistake. This court, in holding for the defendant, pointed out that a necessary element of the action was that: "(3) the party making the statement must know or believe it to be untrue" (66 Ill. App. 2d 134, 139), and that the evidence did not sustain such an allegation. In the case before us the factual allegations (disregarding those allegations which are mere argument or conclusions of law) do not indicate the defendant's agents knew that their statement that the job was his was untrue or that it was made with intent to deceive the plaintiff, either as to the sincerity of their commitment or as to their knowledge or authority in making such a commitment. The statements of the defendant's agents may indicate a lack of care in not ascertaining the scope of their authority before making the commitment but there is no indication of an intent to deceive, nor, considering the statements were made with regard to a future state of employment, could said statements even be regarded as culpable ignorance. It is generally held in Illinois that an action for fraud and deceit will not lie for misrepresentation as to a future event. The decision of the court in *Tonchen v. All-Steel Equipment, Inc.*, 13 Ill. App. 3d 454, contains numerous citations upholding this doctrine. We think, therefore, that Count 1 was properly stricken.

We consider now the sufficiency of the allegations of Count 2 in stating a cause of action. The defendant contends that Illinois does not recognize negligent misrepresentation as actionable in the absence of *scienter* or knowledge that the statement was false or made with intent to deceive. The defendant cites the case of *Miller v. Sutliff*, 241 Ill. 521, for this proposition. We note, however, that *Miller* deals with an action for fraud and deceit rather than negligent misrepresentation. The main point of that case was that an action for fraud and deceit will not lie for a misrepresentation where it is a mere matter of a promise to do something

in the future, even though the defendant did not intend to perform the promise at the time it was made. The *Miller* case, therefore, was not brought under a theory of negligence and is not apposite to the case before us.

Illinois cases (see, for example, *Hiner v. Richter*, 51 Ill. 299; *Foster v. Oberreich*, 230 Ill. 525; *Fischer v. Slayton & Co.*, 10 Ill. App. 2d 167) appear to have followed the English law as reflected in the case of *Derry v. Peek*, 14 App. Cas. 337 (1889), where it was held that a mere negligent misrepresentation is not actionable. The court there stated that there must be proof "that a false representation has been made (1) knowingly, or (2) without belief in its truth, or (3) recklessly, careless whether it be true or false." The misrepresentation in the case before us would clearly not be actionable under that standard based on the breach of duty alleged in Count 2. That count is clearly based on pure and simple negligence—that is, a breach of defendant's duty to use care in ascertaining the extent of their authority to hire the plaintiff before informing him that the job was his and that he might safely terminate his present employment. But, *Derry v. Peek* was long ago overruled in England (see *Hedley Byrne & Co. v. Heller & Partners*, [1964] A.C. 465 (1964)) and many of our sister States have never recognized it (see *Ultramares Corp. v. Touche, Niven & Co.* (1931), 255 N.Y. 170, 174 N.E. 441; *Houston v. Thornton* (1898), 122 N.C. 365, 29 S.E. 827; *Maxwell Ice Co. v. Brackett* (1921), 80 N.H. 236, 116 A. 34), but have allowed an action for negligent misrepresentation under one guise or another.

Prosser in his treatise on The Law of Torts, 704, 706 (4th ed. 1971), states:

> "A representation made with an honest belief in its truth may still be negligent, because of lack of reasonable care in ascertaining the facts * * * .

> * * *

> "Except for procedural technicalities, therefore, it is probably of little importance whether the form of the action is negligence or deceit, so long as a remedy is provided."

Actually, we have found no Illinois cases wherein mere negligent misrepresentation was recognized as affording a basis of recovery absent any element of *scienter* until the decision of our Supreme Court in the 1969 case of *Rozny v. Marnul*, 43 Ill. 2d 54. The defendant in that case was a registered land surveyor. In 1956 he had surveyed the property in question in connection with the extension of a driveway for access to a garage to be built on the property. The defendant in preparing the plat of survey had printed thereon the statement, " 'This plat of survey carries our absolute guarantee for accuracy,' " and this was followed by a certification by the surveyor himself as follows:

" 'I, John Marnul, hereby certify that I have resurveyed and located the building on the property above described and that the plat above is a correct representation of such survey and location.' " 43 Ill. 2d 54, 59.

The survey was not accurate and as a result, the new garage and driveway extended some two feet onto the adjacent lot. The plaintiffs were not the owners at the time the survey was made but purchased the property shortly after the building, including the new garage and driveway were completed. The plaintiffs testified that when they purchased the property they were shown and relied on the survey in question as to the actual boundaries of their property. As a result of the mistake in the survey it was necessary to move the garage at an estimated cost of over $13,000. The plaintiffs sued and prevailed in their suit against Marnul in the trial court. The appellate court reversed on the ground that the action was one of contract and the plaintiffs, Rozny, were not in privity with the surveyor, Marnul, therefore could not maintain the action. In the appeal from the judgment of the appellate court (83 Ill. App. 2d 110), the plaintiffs contended that there were several theories on which recovery could be based in the circumstances of the case, among them, "tortious misrepresentation" as well as strict liability, express warranty and a contract for the benefit of a third party. Our Supreme Court, in considering the proper basis of liability under the facts, rejected the third-party beneficiary theory and the strict liability theory as not applicable to the peculiar circumstances of the case, but adopted the tort theory, saying:

"[W]e believe the fundamental reasoning underlying the tortious misrepresentation theory more nearly accommodates this case than the expanded third-party beneficiary doctrine." (43 Ill. 2d 54, 60.)

While much of the decision is concerned with the application of an express warranty to persons not in privity with the plaintiffs, we believe it is clear that the basis of the decision was negligence, since the facts did not indicate either an intent to deceive or culpable recklessness in making the representation. That the surveyor sincerely believed the survey to be accurate is self-evident from his written guarantee—it was a mistake but not intentionally done nor with indifference to the truth. The granting of relief under such circumstances indicates clearly that the former requirement of *scienter* in order to recover for tortious misrepresentation, as indicated in the older cases, has been discarded. While it is true that in the *Rozny* case there was an express written warranty of accuracy, the discussion of that aspect of the case reflects more the concern of the court in extending the warranty to third persons whose possible reliance on the representation could not have been foreseen by the person making the

statement, than any reluctance to adopt the negligence theory. We are not dealing with an express warranty in the case before us but the express warranty factor was apparently viewed by the court in the *Rozny* case as extending to third persons not in privity with the defendant the same right to recover as if the statement had been made to one who was in privity. Hence it appears that where the statement is made directly to the person relying on it, the absence of an express warranty has no bearing on the defendant's liability for simple negligence.

We believe the *Rozny* decision indicates that an action for negligent misrepresentation, if it alleges the necessary elements of an action on the case for negligence, is maintainable. The defendant asserts the claim cannot be maintained on the pleadings in any event because the complaint fails to allege the plaintiff's own freedom from negligence. We think this is a specious objection to the complaint in view of the nature of the case. While in some actions of fraud and deceit it has been pointed out that a person who claims he relied on a certain statement cannot recover if, due to the facts and circumstances, he had no justification for believing the statement in the first place and relying on it, the circumstances here do not involve that doctrine. Here the plaintiff was admittedly dealing with people who had the appearance of authority to hire for their company and the situation was not one where the plaintiff was contributing to the result by his own actions, such as in the case of a personal injury or a financial loss which could not have occurred except for the plaintiff's own carelessness. The nature of the circumstances in the case before us do not, in our opinion, require that the plaintiff state he was in the exercise of due care and caution for his own safety in discussing a job opening with his prospective employer. This seems rather farfetched. We do not imply that there are no circumstances where an action for negligent misrepresentation would require an affirmation by the plaintiff of his freedom from negligence on his own account. However, this case comes to us on a motion to dismiss, which admits among other things the allegation that the defendant's agents were acting within the course of their employment and within the scope of their authority. We would not dismiss this action for failure to state the plaintiff was free from negligence in believing the agents' statement that the job was his and he could feel free to terminate his present employment. Naturally, if the defense of contributory negligence were to be raised in the defendant's answer to the complaint it would be a good defense if proved, but under the circumstances we do not deem it fatal not to have asserted it in the first place. In any event, we deem the allegation of the plaintiff on this point in paragraph 10 of his complaint to be sufficient if such an averment is necessary within the context of this case. It states:

"In relying on the representations of the agents and employees of

defendant, the plaintiff acted reasonably and with due regard for the protection of his own interests, inasmuch as the truth or falsity of the representation made to him by defendant's agents and employees was a matter solely within the knowledge of the defendant * * * ."

■■ To sum up, while an action for fraud and deceit cannot be maintained under the allegations of the complaint in this case, we are of the opinion that there is nothing in Illinois law which precludes an action for negligent misrepresentation. The cases cited by the defendant were all brought on a theory of fraud and deceit without the necessary allegations of *scienter* for that action and without alternately pleading the necessary elements of a duty and breach of that duty required for a negligence action. That these floundered as actions for fraud and deceit was inevitable from the pleadings but such cases do not foreclose an action properly pleaded in negligence for breach of a duty owed to the plaintiff by the defendant. In our opinion our Supreme Court in *Rozny v. Marnul* recognized an action for "tortious misrepresentation" which contained no element of *scienter*. The fact that this case involved a written warranty does not belie the fact that it was a case founded on negligence. The court's subsequent discussion of the extent of the responsibility to third persons under a warranty does not detract from the effect of the *Rozny* decision as one recognizing the right to sue the person in direct privity with the plaintiff, for innocent but negligent statements justifiably relied upon to the plaintiff's detriment.

■■ As noted above we find no basis for an action under the pleadings of Count 1 in fraud and deceit. Nor do we recognize here any of the elements necessary under the strict liability concept. We believe the case is outside the parameters of strict liability. Strict liability is often referred to as "liability without fault," but there must be fault somewhere. The fault of putting an unreasonably dangerous instrumentality into the stream of commerce denotes a fault somewhere along the line even though remote from the injury. It is an inherent fault. The words here used were only dangerous to the particular person they are addressed to and only under the particular circumstances that occurred. This is too restrictive a situation to involve the doctrine of strict liability.

The judgment of the trial court as to Counts 1 and 3 of the complaint is affirmed. The trial court's ruling as to Count 2 is reversed and the case is remanded for further proceedings not inconsistent herewith.

Judgment affirmed as to Counts 1 and 3; Count 2 reversed and remanded.

DIXON and GUILD, JJ., concur.