JASPER ROTELLO *et al.*, Plaintiffs-Appellees, *v.* R. NEIL SCOTT *et al.*, Defendants-Appellants.

Second District   No. 80-259

Opinion filed April 15, 1981.

David L. Martenson, of Rockford, for appellants.

William J. Howard, of Brassfield, Cowan & Howard, of Rockford, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

In an action for negligent misrepresentation of a material fact in a commercial real estate transaction, the Circuit Court of Winnebago County, after a bench trial, found defendants guilty and awarded plaintiffs $5,700 in damages. From this verdict, defendants appeal.

In October of 1977, Jasper and Pamela Rotello (plaintiffs), who were then operating a soft-serve ice cream business in the city of Rockford, contacted Lee Johnson, a realtor, to seek his help in finding a new location for their business. In December, plaintiffs notified Johnson that they were interested in a piece of property at 2111 Harlem Road. Upon investigation, Johnson discovered that the property was owned by R. Neil Scott and

Robert Hultgren (defendants). Johnson obtained the owners' permission to show the property to the plaintiffs.

The property was comprised of three tracts. On the northernmost tract was a building which housed a restaurant, then vacant. The second tract was occupied by a leased mini-putt operation, and apparently a small building. The third tract was vacant.

Plaintiffs viewed the property on several occasions between December 20, 1977, and mid-January 1978. An inspection of the grounds outside the buildings, however, was limited due to the heavy snowfall at this time.

Sometime in early January 1978, Johnson, at plaintiffs' request, called one of the owners, Mr. Scott, and inquired whether there was a sewer and water hookup to the building housing the restaurant. Defendant replied "yes." At trial, defendant admitted that by "sewer" he meant public sewer.

On January 21, the parties entered into a real estate contract for the purchase of the entire property for $84,000. Although the contract was made contingent upon obtaining appropriate zoning so as to allow the operation and expansion of plaintiffs' ice cream business, no mention of sewer hookup was made in the contract.

The closing was on March 20. Shortly thereafter, a plumber inspecting the building for purposes of renovation informed the Rotellos that it looked as if the plumbing was not connected to the public sewer, but to a septic system. The records of the Rockford Sanitary District subsequently confirmed this fact.

When told of this discovery, defendants met with the Rotellos and offered to rescind the contract and return the purchase price. The Rotellos refused.

In November, plaintiffs purchased an easement from an adjoining property owner so as to hook up their plumbing to the city sewer. In addition, pipe from the sewer to the building which housed the restaurant was laid. At trial, Mr. Rotello testified that the sewer connection was necessary to accommodate the large quantity of water cycled through the ice cream cooling system, for which the septic tank was inadequate. Although plaintiffs had experimented with an internal recycling system from July to September, it had failed to maintain a sufficiently cold temperature.

On December 7, 1978, plaintiffs filed suit to recover damages incurred as a result of defendants' negligent misrepresentation that the property was connected to the sewer.

## I.

Defendants' first contention on appeal is that the trial court's finding

that they negligently misrepresented the existence of a city sewer hookup was against the manifest weight of the evidence.

■■ In arguing this issue, both parties rely on *Lyons v. Christ Episcopal Church* (1979), 71 Ill. App. 3d 257, 389 N.E.2d 623. Plaintiff in that case had purchased a residence owned by the church which had been advertised as having sewers. The church (through its attorney) had made this representation to a realtor who had, in turn, placed the ad in the newspaper. After purchasing the house, plaintiff discovered that there was no sewer, but only a septic system. An action against the realtor and church for negligent misrepresentation followed.

The court dismissed the suit against the realtor because as a mere conduit for the church's representations, he had no duty to independently corroborate its claims unless he was aware of facts which indicated they were false.

As to the church, however, a cause of action lay for negligent misrepresentation since the church had breached its duty of care to the buyer when it affirmatively represented to the realtor, and through the realtor's agents to the plaintiff, that the house was connected to the sewer when in fact it was not. Moreover, the court held that the plaintiff was not limited to the equitable remedy of rescision for mistake of fact because the mistake was created by the defendant's negligence.

In the case at bar, defendants have attempted to distinguish *Lyons* on several grounds. First, they argue that the real estate broker here, Johnson, was plaintiffs' agent whereas in *Lyons* the realtor was the agent of defendant. Even if this were so, however, the only significance which defendants attach to the fact of agency is apparently that since the buyers through the realtor sought out the seller, rather than vice versa, the seller had no duty of care in his representations with respect to the buyers. No authority is cited for this novel limitation of responsibility. Indeed, it is common for a duty of reasonable care to be found where a representation is made to a third person with knowledge that he intends to communicate it to another. See W. Prosser, Law of Torts §107, at 707 (4th ed. 1971).

■■ Second, defendants argue that unlike the specific affirmations made by defendants in *Lyons*, the representation by defendant Scott here was "casually made," and without the "opportunity to prepare for the [realtor's] question." Therefore, defendants insist that neither the realtor nor the Rotellos could justifiably have relied on Scott's statement that the building had a sewer.

We think that the realtor's query was not, however, a difficult question requiring study and deep thought. Either the property had a sewer hookup or it didn't. Nor can defendant's response in any way be considered equivocal or ambiguous, of a kind that might reasonably

trigger suspicion or further inquiry. Had defendant replied, "I don't know," or, "I'm pretty sure," this would be a very different case. But for the owner of the property to say "yes" when he really didn't know is negligent, as the trial court held. Likewise, as in *Lyons*, plaintiffs' reliance on Scott's statement without further inquiry was justified where no evidence to the contrary that might have given rise to doubt was known by the Rotellos or their realtor. There is nothing unreasonable about a buyer relying on the statement of a seller of real estate that the property has a sewer, and there is nothing in the facts of this case that would suggest that the buyers' reliance, to be justified, required that they further check the records of the sanitary district for confirmation. *Cf. Citizens Savings & Loan Association v. Fischer* (1966), 67 Ill. App. 2d 315, 214 N.E.2d 612 (buyer not required to examine public records to ascertain the true state of title claimed by seller).

In summary, the record supports the trial court's findings that the defendants, as the sellers of the property, had a duty to exercise reasonable care in representing the property to prospective buyers; that this duty was breached when defendant Scott unambiguously represented to the realtor that the building had a sewer when it did not, and with knowledge that this information would be passed on to plaintiffs; that the plaintiffs justifiably relied on this misrepresentation without further investigation on their part; and that plaintiffs were thereby harmed in that the absence of a sewer hookup necessitated considerable expense to remedy.

## II.

■■ Defendants' second assignment of error is that the Rotellos waived recovery for negligent misrepresentation by refusing to rescind the underlying sales contract. The same argument was made—and rejected—in *Lyons*, 71 Ill. App. 3d 257, 260, 389 N.E.2d 623, 625-26:

> "The general rule with respect to fraudulent misrepresentation in the sale of real estate is that the contract is merely voidable, not void, at the option of the injured party. (*Halla v. Chicago Title & Trust Co.* (1952), 412 Ill. 39, 104 N.E.2d 790; 91 C.J.S. *Vendor and Purchaser* §§54 and 157(b) (1955); see also 35 Ill. L. & Prac. *Vendor & Purchaser* §73 (1958).) The same rule must obtain where, as here, there has been a negligent misrepresentation made by the seller. The defendant may not choose the plaintiffs' remedy. They are free to honor the contract and pursue an action in tort to compensate them for their injury."

Defendants have presented no argument to dissuade us from following the rule in *Lyons*.

## III.

■■ Defendants next seek reversal on the grounds that plaintiffs failed to plead or prove freedom from contributory negligence. They cite the familiar Illinois rule that in an action for negligence, it is the plaintiff who has the burden of establishing that he did not contribute to the injury through his own lack of care. *Vandermyde v. Chicago Transit Authority* (1979), 73 Ill. App. 3d 984, 392 N.E.2d 48.

This issue, however, is raised here for the first time. Section 42(3) of the Civil Practice Act provides:

> "All defects in pleadings, either in form or substance, not objected to in the trial court are waived." (Ill. Rev. Stat. 1977, ch. 110, par. 42(3).)

Failure to object to the omission, from either the pleadings or proof, of plaintiffs' freedom from contributory negligence falls within this rule. (*Fisher v. Illinois Terminal R. Co.* (1953), 350 Ill. App. 555, 113 N.E.2d 344; *Carson-Payson Co. v. Peoria Terrazzo Co.* (1937), 288 Ill. App. 583, 6 N.E.2d 534.) The issue is therefore waived, and we need not address the question of whether a showing of justifiable reliance is a sufficient substitute for pleading and proving freedom from contributory negligence in an action for negligent misrepresentation. See *McAfee v. Rockford Coca-Cola Bottling Co.* (1976), 40 Ill. App. 3d 521, 352 N.E.2d 50.

## IV.

■■ Defendants' final assignment of error is that the trial court's award of $5,700 in damages was not justified by the evidence.

Plaintiffs below introduced competent evidence of expenditures made to purchase an easement across neighboring property so as to enable the restaurant to be hooked up to the city sewer. The cost of digging the trench and laying the necessary pipe was also proved. The expenses incurred were $1,000 and $900, respectively. The court allowed these amounts to be recovered to remedy the damage which proximately resulted from defendant's negligent misrepresentation. We sustain this amount of the award.

■■ However, plaintiffs also proved that the cost of two additional hookups joining the second and third tracts of the property to the city sewer would require plaintiffs to spend an additional $1,900 each. The trial court awarded the additional amounts on the grounds that they were "foreseeable" damages. We disagree.

At no time did defendants represent that there was a sewer (or even plumbing) anywhere on the property other than in the building which housed the restaurant. On the contrary, the evidence uniformly supports defendants' contention that the Rotellos neither asked, nor did defendants represent that there was a sewer on either the second or third tracts.

Plaintiffs' interest in the sewer hookup was solely in relation to its ice cream business, which was lodged in the building on the first tract. Only to that extent did they justifiably rely to their detriment.

The expenses which may be incurred by plaintiffs in the installation of plumbing with city sewer connections on the second and third tracts at some unspecified time in the future are simply not a foreseeable consequence of defendants' misrepresentation with respect to the first tract. Accordingly, the verdict of the Circuit Court of Winnebago County should be reduced by $3,800.

Affirmed in part, reversed in part, and remanded with instructions.

VAN DEUSEN and NASH, JJ., concur.