**HI-GRADE CLEANERS, INC., Plaintiff,**

v.

**AMERICAN PERMAC, INC., Defendant.**

**No. 81 C 957.**

United States District Court,
N.D. Illinois, E.D.

Oct. 18, 1982.

Sheldon A. Harris, Chicago, Ill., for plaintiff.

Howard E. Gilbert, Michael D. Richman, Gilbert, Shapiro & Richman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This is a case involving an alleged breach of a contract for delivery and installation of dry cleaning equipment. In Count I of its second amended complaint, plaintiff Hi-Grade Cleaners, Inc. claims breach of contract. In Count II, plaintiff claims misrepresentation. It is the second count that is the subject of defendant's motion to dismiss, which is now before the court.

We assume the facts as stated in the complaint. Plaintiff and defendant American Permac, Inc. entered into a contract for the sale and installation of dry cleaning equipment on November 6, 1980. The contract was modified and superceded by a second contract dated December 12, 1980. The modified contract provides for payment of $9,300.00 upon acceptance of the contract. Plaintiff has paid this amount. The defendant, however, has not performed under the contract despite a provision stating, "Time is of the essence. Seller shall complete delivery and installation of all machines and equipment herein no later than February 28, 1981." Various persons affiliated with defendant in telephone conversations with plaintiff told plaintiff that defendant intended to meet its obligations under the contract. In reliance upon these promises of performance, plaintiff forwarded to defendant monies due under the contract and did not purchase the machinery elsewhere. Defendant received the monies with the full knowledge that it did not intend to perform its agreement with plaintiff.

Defendant contends that plaintiff has unsuccessfully attempted to transform a complaint which originally purported to allege fraudulent misrepresentation into a complaint stating a claim for negligent misrepresentation. We heard oral argument on the motion and took the matter under advisement after requesting that plaintiff file a reply brief.

In *McAfee v. Rockford Coca-Cola Bottling Co.,* 40 Ill.App.3d 521, 352 N.E.2d 50 (1976), the court held that negligent misrepresentation was adequately pleaded where agents of an employer promised a job to plaintiff. The *McAfee* court in reaching its decision expanded upon the rationale expressed in *Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969), in which the court held that a surveyor who misrepresented the accuracy of his survey was liable under a tortious misrepresentation theory. Although express warranties were involved in *Rozny,* the *McAfee* court stated: "[W]e believe it is clear that the basis of the decision was negligence, since the facts did not indicate either an intent to deceive or culpable recklessness in making the representation." *McAfee, supra,* at 54.

■ To state a cause of action for negligent misrepresentation, plaintiff must allege a duty owed by defendant to plaintiff, a breach of such duty, and injury resulting proximately from such breach. *Duhl v. Nash-Realty, Inc.,* 102 Ill.App.3d 483, 57 Ill.Dec. 904, 429 N.E.2d 1267 (1981). In *Duhl,* defendant real estate brokers misrepresented the value of plaintiffs' home. The court, in upholding plaintiffs' cause of action, cited the First Restatement of Torts for the definition of negligent misrepresentation. The latest restatement provides:

*Information Negligently Supplied for the Guidance of Others.*

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement of Torts (Second) § 552.

The Restatement and the notes accompanying the earlier tentative drafts for the Restatement [1] appear to limit the tort of negligent misrepresentation to persons and entities in the business of selling information which their customers might rely upon in taking some additional action. The cases involve abstractors of title, attorneys, surveyors, inspectors of goods, operators of ticker services, and banks dealing with non-depositors' checks.[2] A recent opinion, *Moorman Mfg. Co. v. National Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982), describes the case which established the tort in Illinois, *Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969), as involving defendants in the business of supplying information. *Moorman* did not expressly limit *Rozny* to cases involving such defendants, but the description is consistent with the case law and the Restatement, which is entitled, "Information Negligently Supplied for the Guidance of Others."

■ We have found no cases supporting an action for negligent misrepresentation where a party to a contract stated that it would perform under the contract and then did not. The case law and the Restatement apparently confine the tort of negligent misrepresentation to persons and entities in the business of selling or supplying information which their customers will rely upon in taking some additional action. Since defendant was not in that business, we dismiss plaintiff's second count for negligent misrepresentation.

Basically, we believe that when a defendant is already contractually bound to the plaintiff, his assurance that he will perform in accordance with the contract is simply a reiteration of his original promise. It creates no additional liability in contract, let alone in tort.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss Count II of plaintiff's second amended complaint is granted. No further amendments of the complaint will be permitted.

---

1. Tentative Draft 11 (1965).

2. *Id.* and cases notes therein.