STATE BANK OF LOMBARD, Plaintiff-Appellant, *v.* CARLOS SEGOVIA, Defendant-Appellee.

Second District   No. 76-294

Opinion filed June 16, 1977.

Michael P. Edgerton, of Farrell & Edgerton, of Chicago, for appellant.

Fohrman, Lurie, Holstein, Sklar & Cottle, of Chicago, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

The trial court granted the defendant's motion to dismiss counts I and II of the plaintiff's complaint. The plaintiff appeals.

The complaint alleged that the State Bank of Lombard, trustee under trust No. 301, recovered a judgment against Sarsfield Associates, S.C., an Illinois corporation, for the sum of $4,650.86 and the costs of suit, in the circuit court of Du Page County. The judgment was the result of a suit filed by the State Bank of Lombard (hereafter the plaintiff) on March 31, 1975, against Sarsfield Associates, S.C. The registered agent of the corporation was served with summons, an appearance was filed on behalf of the corporation by its attorneys on May 15, 1975, and an answer to the complaint was filed on June 2, 1975. However, no one appeared on behalf of the corporation on the day of trial, and the judgment was entered in favor of the plaintiff and against Sarsfield Associates, S.C., on July 17, 1975.

It appears that on May 9, 1975, Sarsfield Associates, S.C., by its sole director, vice president and secretary, Carlos Segovia, filed with the office of the Secretary of State of Illinois, a statement of intent to dissolve by voluntary action of the corporation, pursuant to sections 76 and 77 of the Business Corporation Act (Ill. Rev. Stat. 1973, ch. 32, pars. 157.76 and 157.77). Further that Segovia (hereafter defendant), on behalf of the corporation filed with the Secretary of State's office articles of dissolution pursuant to sections 80 and 81 of the Business Corporation Act (Ill. Rev. Stat. 1973, ch. 32, pars. 157.80 and 157.81). Sarsfield Associates, S.C., was dissolved on June 19, 1975.

The present suit was filed on December 22, 1975. Defendant was served with summons and filed an appearance and a motion to dismiss counts I and II of the plaintiff's complaint. Count I was based on section 42.6 of the Business Corporation Act (Ill. Rev. Stat. 1973, ch. 32, par. 157.42—6) which provides:

"The directors of a corporation which fails to mail to a known creditor of such corporation, as provided in this Act, a notice of the filing by the Secretary of State of a statement of intent of such corporation to dissolve, shall be jointly and severally liable to such creditor for all loss and damage *occasioned thereby*." (Emphasis added.)

The plaintiff alleges in the complaint that it is a creditor, that it received no notification as required by the statute cited above and claims as damages the sum of $4532.15 (the amount remaining due on the July 17, 1975, judgment) plus the costs of said suit and the legal interest thereon from the date of judgment.

Count II of the complaint alleged fraudulent representation on the part of the defendant in that in the articles of dissolution filed by the defendant he stated under oath that all debts, obligations and liabilities of the corporation were paid and discharged or that adequate provision had been made for them. Plaintiff alleges its damages are the remaining amount of its judgment against Sarsfield Associates, S.C., which it has been unable to collect due to the fraudulent misrepresentation on the part of the defendant.

In an affidavit in support of his motion to dismiss, the defendant stated that only $675.96 was available at the time Sarsfield Associates, S.C., was liquidated, to satisfy liabilities in excess of $6000. Of the $675.96 available, approximately $230 was used to partially satisfy the debt owed to the plaintiff.

Following arguments on defendant's motion to dismiss counts I and II and on plaintiff's motion to strike defendant's motion to dismiss the following colloquy then occurred:

"THE COURT: The motion of the plaintiff to strike the defendant's motion to—

MR. SIMON [counsel for the defendant]: Dismiss.

THE COURT: [continuing]—to dismiss the complaint is denied and the motion of the defendant to dismiss the complaint is granted and if the plaintiff wants leave to file an amended complaint, which will set forth some of their facts that are not now before the court—

MR. EDGERTON [counsel for the plaintiff]: There is no request to file an amended complaint, your honor.

THE COURT: I guess you have got a question of law to go up on.

MR. EDGERTON: Right."

■■ The record before us and a reading of section 42.6 of the Business Corporation Act supports the dismissal of count I of the complaint. Section 42.6 specifically requires that the loss claimed be occasioned by

the failure to notify the creditor of the corporation of the intention to dissolve that corporation. The plaintiff makes no effort in count I to show how its judgment against Sarsfield Associates, S.C., was a loss occasioned by the fact the plaintiff was not notified by the defendant of the intent to dissolve the corporation. We note that upon liquidation the corporate assets were some $675.96 with liabilities exceeding $6000. The plaintiff received $230 in partial payment of the judgment from the corporation, which is all that the plaintiff would have received had the statutory notice been sent.

The plaintiff has cited two cases in which directors who failed to notify creditors of the intent to dissolve their corporations, were held liable for the debts owed to the creditors (*People v. Parker* (1964), 30 Ill. 2d 486, 197 N.E.2d 30; *Sears v. Weissman* (1972), 6 Ill. App. 3d 827, 286 N.E.2d 777). In neither case was the sufficiency of the pleadings raised as an issue on appeal. *Sears v. Weissman* is further distinguished in our opinion in that the court found that two of the three directors had illegally stripped the corporation of practically all its assets including the money the plaintiff had paid the corporation on her account with them. It is significant that only those two directors were held liable for the amount due the plaintiff creditor, due to their illegal use of corporate funds.

■■ ■ The record also supports the dismissal of count II, alleging fraudulent misrepresentation based upon the defendant's statements in the articles of dissolution he filed on behalf of Sarsfield Associates, S.C. In order to establish fraud it must be alleged and proved *inter alia* that the statement must have been made for the purpose of inducing the other party to act; and the reliance by the person to whom the statement is made must lead to his injury. (*Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 325, 302 N.E.2d 382, 388; *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 213 N.E.2d 89.) The record before us discloses no such reliance pleaded in count II of the plaintiff's complaint. If a complaint does not state a cause of action, a court may dismiss it upon motion. (*Werner v. International Association of Machinists* (1956), 11 Ill. App. 2d 258, 262, 137 N.E.2d 100, 103; compare also *McAfee v. Rockford Coca-Cola Bottling Company* (1976), 40 Ill. App. 3d 521, 352 N.E.2d 50.) We find it significant that the plaintiff although afforded the opportunity to request leave to amend his complaint chose to stand upon his pleadings.

■■ Finally, the plaintiff requests relief under article I, section 12 of the 1970 Illinois Constitution which provides that a person shall find a remedy in the laws for all injuries and wrongs he receives. (Ill. Const. 1970, art. I, §12.) However, constitutional rights cannot be infringed when an insufficient or defective complaint is dismissed. (*Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 898, 275 N.E.2d 429, 434.) Here too, the language of section 42.6 clearly limits the remedy of the creditors against

the directors of corporations to losses which result from the failure to notify those creditors. While the constitution provides that every person shall find a remedy for injuries received, the power and adequacy of the available remedy rests with the legislature. *Goldstein v. Hertz Corp.* (1973), 16 Ill. App. 3d 89, 99, 305 N.E.2d 617, 626.

On the basis of the above, the order of the trial court is affirmed.

Affirmed.

GUILD and NASH, JJ., concur.