ROBERT W. LAGERSTROM, Plaintiff-Appellant, v. JAMES F. DUPRE, Defendant-Appellee.

First District (4th Division)   No. 1—87—2964

Opinion filed June 29, 1989.

Walter M. Ketchum, Ltd., of Chicago (Paul E. Peldyak, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Joseph P. Switzer, of counsel), for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Robert W. Lagerstrom (plaintiff) filed suit against defendant James F. Dupre, M.D. (defendant), for work-related injuries plaintiff sustained after defendant rendered an allegedly erroneous medical opinion, to the workers' compensation insurance carrier of

plaintiff's employer, that plaintiff was fit to return to work. The trial court entered summary judgment for defendant, and plaintiff appeals. Because we conclude that plaintiff's exclusive remedy against defendant is found in the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*), we affirm.

The following facts stand uncontradicted in the parties' pleadings and documents submitted with respect to defendant's summary judgment motion. Plaintiff sustained a back injury at work in January 1983 and for a time received workers' compensation benefits therefor. Plaintiff's injury was treated by physicians whom he selected and retained on his own behalf.

In July 1984, plaintiff was seen by defendant at the request of the workers' compensation insurance carrier retained by plaintiff's employer. The purpose of this examination was to obtain the defendant's medical opinion with respect to plaintiff's fitness to return to work. Based upon his examination of plaintiff, defendant reported to the insurance carrier that plaintiff was healthy and could return to work without restriction in his work activities. Plaintiff understood at the time of the examination that defendant's role was not to treat plaintiff's injuries, but to report to the insurance carrier regarding plaintiff's fitness to work. Defendant was aware that his report could be used by the workers' compensation insurance carrier in connection with plaintiff's claim for workers' compensation benefits.

The insurance carrier terminated plaintiff's workers' compensation benefits in July 1984. However, based on the advice of his treating physicians, plaintiff did not return to work in July 1984. In January 1985, defendant again examined plaintiff in response to the insurance carrier's request and reconfirmed his opinion that plaintiff was fit to work without restriction. Plaintiff did not feel capable of returning to work, however, and his treating physicians advised against his return.

Because of financial hardship, plaintiff returned to employment in April 1985. Following his resumption of work activities, plaintiff sustained additional job-related injuries. None of these subsequent injuries was compensated by the workers' compensation insurance carrier. Plaintiff's work activities have been substantially curtailed, and he is no longer offered the opportunity to work overtime.

Plaintiff filed a three-count complaint against defendant to recover damages for the personal injuries he suffered following his return to work. Count I of the complaint alleged the existence of a physician-patient relationship between the plaintiff and the defendant, and sought recovery based on defendant's alleged medical malpractice

for having negligently recommended that plaintiff return to work. Count II acknowledged that defendant acted only as an examining physician with respect to plaintiff's injuries, and alleged that defendant breached a duty to plaintiff to exercise ordinary care in the preparation and submission of the medical evaluation report. Count III alleged that defendant's actions amounted to wilful and wanton misconduct and requested punitive damages. Defendant answered the complaint and later filed a motion for summary judgment. Following briefing and argument, the trial court allowed defendant's motion and entered judgment for defendant. Plaintiff appeals.

■ We determine that the trial court's summary judgment was properly entered in favor of defendant. The Workers' Compensation Act provides an exclusive remedy for plaintiff to attempt to recover damages from defendant for plaintiff's personal injuries following his return to work. The Act states in pertinent part that "[n]o common law or statutory right to recover damages from the employer, his insurer *** or the agents or employees of any of them for injury *** sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act." Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a).

■ The Illinois Supreme Court has held that a physician who is retained by a workers' compensation insurance carrier to examine the fitness of a claimant is deemed an agent of the insurance carrier. (*Keystone Steel & Wire Co. v. Industrial Comm'n* (1969), 42 Ill. 2d 273, 246 N.E.2d 228; *Nollau Nurseries, Inc. v. Industrial Comm'n* (1965), 32 Ill. 2d 190, 204 N.E.2d 745; *Tee-Pak, Inc. v. Industrial Comm'n* (1986), 141 Ill. App. 3d 520, 490 N.E.2d 170.) Furthermore, recovery under the Workers' Compensation Act is permitted for subsequent work-related injuries if these later injuries would not have occurred but for the initial work-related injuries. *International Harvester Co. v. Industrial Comm'n* (1970), 46 Ill. 2d 238, 263 N.E.2d 49; *Lincoln Park Coal & Brick Co. v. Industrial Comm'n* (1925), 317 Ill. 302, 138 N.E.2d 79; see also *Unger v. Continental Assurance Co.* (1985), 107 Ill. 2d 79, 481 N.E.2d 684.

■ Applying this precedent to the case at bar, defendant was acting as the agent of the insurer of plaintiff's employer when the defendant examined plaintiff with respect to plaintiff's fitness to work. As plaintiff was aware, defendant's examination of plaintiff occurred only to assess plaintiff's eligibility for continued workers' compensation benefits for work-related injuries. If plaintiff had not sustained his original on-the-job injuries, plaintiff would not have been

later required to submit to defendant's examination as directed by the workers' compensation insurance carrier. As a result, plaintiff's subsequent work-related injuries, allegedly occasioned by defendant's negligence, would not have occurred but for plaintiff's initial on-the-job injuries. Accordingly, under section 5(a) of the Workers' Compensation Act, any alleged negligence on defendant's part was compensable to plaintiff as a workers' compensation claim. Because plaintiff's exclusive remedy against defendant fell within the purview of the Workers' Compensation Act, the trial court properly entered summary judgment in favor of defendant with respect to plaintiff's complaint.

In view of this disposition, we need not address the parties' remaining arguments, and plaintiff's motion to file a proposed amended complaint is denied.

For the reasons stated, the trial court's judgment is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.