First Division

June 9, 1997

No. 1-95-3742

CONCETTA CHIDICHIMO, ) Appeal from the

 ) Circuit Court

Plaintiff-Appellant, ) of Cook County.

 )

v. )

 )

UNIVERSITY OF CHICAGO PRESS, )

UNIVERSITY PRESS, INC., and )

UNIVERSITY OF CHICAGO, ) Honorable

 ) MICHAEL J. HOGAN,

Defendants-Appellees. ) Judge Presiding.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Concetta Chidichimo, brought an action for spoliation of evidence against defendants, the University of Chicago Press, University Press, Inc. and the University of Chicago, alleging that defendants intentionally or negligently purged its computer of records plaintiff had requested in a previous workers' compensation action brought against defendants after the death of plaintiff's husband.  The circuit court dismissed plaintiff's complaint, finding that section 5(b) of the Illinois Workers' Compensation Act bars any action for damages resulting from an injury incurred in the course of employment except as provided in the Act (820 ILCS 305/5(b) (West 1994)).  Plaintiff now appeals.

Plaintiff's husband, Martin Chidichimo, was employed by defendants as a linotype operator.  On March 18, 1983, he suffered a heart attack and died during his lunch break.  Plaintiff filed a workers' compensation claim against defendants, alleging that her husband's death arose out of and in the course of his employment.  In December 1983 and February 1984, plaintiff served defendants with subpoenas for the production of certain employee records related to her husband's employment.  Defendants provided some of the requested documents but also responded that compliance with the subpoenas was not required because the Workers' Compensation Act did not contain a discovery provision.  In March 1985, defendants deleted the rest of the requested records from its computer system.  Defendants maintain that these deletions were performed as a routine matter when the records were two years old.  

In February 1988, the case proceeded to arbitration.  As part of her workers' compensation claim, plaintiff also asserted that defendants' actions in deleting her husband's employment records from its computer system created a presumption that the records would have contained evidence sufficient to show that Martin Chidichimo died from an injury arising out of or in the course of his employment, as required for recovery under the Workers' Compensation Act.  820 ILCS 305/1 
et seq.
 (West 1994).  On June 23, 1988, the arbitrator issued a decision finding that plaintiff failed to show that her husband's death arose out of and in the course of his employment.  The arbitrator also found that there was no evidence of wilful destruction of documents.  On May 30, 1991, the Industrial Commission affirmed the arbitrator's decision.  

Plaintiff filed an action for administrative review, and the circuit court remanded the case to the Industrial Commission with instructions to issue a supplemental opinion explaining its holding with respect to the deleted computer files.  On remand, the Commission held that the subpoenas issued by plaintiff for the deleted documents violated Industrial Commission Rule 7030.50, which provides that "witnesses and documents may only be subpoenaed to appear or be produced at the time and place set for hearing the cause."  50 Ill. Adm. Code §7030.50 (1994).  Because plaintiff's subpoenas did not request production at the time and place of a hearing, they were essentially discovery requests, and neither the Workers' Compensation Act nor the Industrial Commission rules require compliance with discovery requests.

On June 28, 1994, the circuit court entered an order affirming the decision of the Industrial Commission.  On July 26, 1994, plaintiff filed her timely notice of appeal.  

On February 28, 1995, while her appeal was pending in the appellate court, plaintiff filed the instant action against defendants for spoliation of evidence.  Count I alleged negligent spoliation and count II alleged intentional spoliation.  

On March 29, 1995, defendants filed a motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-619 (West 1994).  Defendants' motion asserted that (1) plaintiff's complaint failed to state a claim upon which relief could be granted, (2) the action is barred by the statute of limitations, (3) the action is barred by principles of 
collateral estoppel, and (4) the action is barred by the exclusivity provision in section 5(a) of the Workers' Compensation Act.  Defendants also filed a motion for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137).  On September 29, 1995, the circuit court granted defendants' motion to dismiss, finding that the action is barred by the exclusivity provision in section 5(a) of the Workers' Compensation Act.  The court did not address the other grounds for dismissal asserted in defendants' motion.  Defendants' motion for sanctions was denied.  Plaintiff filed a timely notice of appeal on October 27, 1995.  Defendants did not file a cross-appeal.

On March 8, 1996, the appellate court affirmed the decisions of the Industrial Commission and the circuit court in plaintiff's original workers' compensation action.  
Chidichimo v. Industrial Comm'n
, 278 Ill. App. 3d 369, 662 N.E.2d 611 (1996) (
Chidichimo I
).

In this case, plaintiff claims the circuit court erred in dismissing her complaint under section 5(a) of the Workers' Compensation Act.  That section provides in relevant part: 

"No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***."  820 ILCS 305/5(a) (West 1994).

In 
Meerbrey v. Marshall Field & Co.
, 139 Ill. 2d 455, 564 N.E.2d 1222 (1990), the Illinois Supreme Court explained that the Workers' Compensation Act is designed to provide employees with financial protection and impose liability on employers regardless of whether they are at fault.  
Meerbrey
, 139 Ill. 2d at 462, 564 N.E.2d at 1225.  The exclusivity provision provides that, in return for incurring liability without fault, employers are protected by a prohibition of common law suits by employees against employers.  
Meerbrey
, 139 Ill. 2d at 462, 564 N.E.2d at 1225.

However, the court held that a plaintiff-employee can escape the exclusivity provision and bring a common-law action against the employer if the employee can prove any of the following: (1) the injury was not accidental; (2) the injury did not arise from his or her employment; (3) the injury was not received during the course of employment; or (4) the injury was not compensable under the Act.  
Meerbrey
, 139 Ill. 2d at 463, 564 N.E.2d at 1226.

In this case, plaintiff filed a workers' compensation claim alleging that her husband's death arose out of and in the course of his employment.  The arbitrator, the Industrial Commission, the circuit court, and the appellate court all held that plaintiff failed to show a causal link between her husband's employment and his heart attack.  
Chidichimo I
, 278 Ill. App. 3d at 377-78, 662 N.E.2d at 617.  Clearly, therefore, the "injury was not compensable under the Act" (see 
Meerbrey
, 139 Ill. 2d at 463, 564 N.E.2d at 1226), and plaintiff's action in this case is not barred by the exclusivity provision.  
For these reasons, the circuit court erred in basing the dismissal of plaintiff's action on section 5(a) of the Workers' Compensation Act.  

Nonetheless, dismissal was proper because the issue of spoliation of evidence was addressed in 
Chidichimo I
, and, therefore, plaintiff is collaterally estopped from relitigating that question.  The threshold requirements for the application of collateral estoppel, or issue preclusion, are:  (1) the issue presented in the current action is identical to one decided in prior adjudication; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.  
In re Owens
, 125 Ill. 2d 390, 399-400, 532 N.E.2d 248, 252 (1988).

Here, there can be no doubt that 
Chidichimo I
 was a final decision on the merits and plaintiff was a party in that adjudication.  The record also shows that the issue of spoliation in this case is identical to that which was adjudicated in 
Chidichimo I
.  Issue identity exists where there was "a finding of a specific, material, and controlling fact in the former case *** [that was] necessarily determined by the court in rendering the judgment."  
Anderson v. Financial Matters, Inc.
, 285 Ill. App. 3d 123, 132, 672 N.E.2d 1261, 1267 (1996).  In 
Chidichimo I
, plaintiff raised the same issue of spoliation of evidence that she raises here, and the court resolved the issue in favor of defendants.
  

Plaintiff's cause of action in this case was discussed in the recent Illinois Supreme Court case of 
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 652 N.E.2d 267 (1995).  In 
Boyd
, the court held that the traditional negligence elements of duty, breach, causation, and damages apply in an action for negligent spoliation.  
Boyd
, 166 Ill. 2d at 194-95, 652 N.E.2d at 270.  The factual findings in 
Chidichimo I
 are conclusive of at least two of these elements, duty and causation.  

A defendant may owe "a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action."  
Boyd
, 166 Ill. 2d at 195, 652 N.E.2d at 271.  In 
Chidichimo I
, the court noted that civil suits and workers' compensation claims are different actions.  Civil suits are governed by statutory discovery rules and supreme court rules; workers' compensation claims, however, are governed by the Workers' Compensation Act, which does not allow for pretrial discovery.  
Chidichimo I
, 278 Ill. App. 3d at 375, 662 N.E.2d at 615.  Therefore, the finding in 
Boyd
, that a defendant has a duty to maintain evidence that may be material to a civil action, does not apply in a workers' compensation context.

The 
Chidichimo I
 court made the following factual findings regarding defendants' destruction of Martin Chidichimo's records: (1) defendants did not comply with the subpoenas because the Workers' Compensation Act did not require it to do so; (2) the destruction of records occurred in a routine purging process more than a year after the subpoenas were issued; (3) plaintiff failed to seek enforcement of the subpoenas until four years after they were issued; and (4) plaintiff failed to take reasonable steps to ensure preservation of the records and protect against routine destruction after defendants refused to comply with the subpoenas.  
Chidichimo I
, 278 Ill. App. 3d at 375, 662 N.E.2d at 615.  These facts clearly establish that a reasonable person in defendants' position would not have foreseen that the records would be material to a potential 
civil suit.  As discussed above, a workers' compensation claim is different from a civil suit.  Defendants had no reason to believe that plaintiff would take any action other than the workers' compensation claim.  Since the Workers' Compensation Act did not require defendants to produce the records, defendants had no duty to preserve them.  See 
Boyd
, 166 Ill. 2d at 195, 652 N.E.2d at 271.

The 
Boyd
 court also held that in order to prove the necessary element of causation, a plaintiff in a negligent spoliation case must show that the destruction of evidence caused the plaintiff to be unable to prove the underlying suit.  
Boyd
, 166 Ill. 2d at 197, 652 N.E.2d at 271.  In 
Chidichimo I
, the court found that the importance of the requested records was speculative at best because independent evidence was presented that established the facts contained in the records.  
Chidichimo I
, 278 Ill. App. 3d at 376, 662 N.E.2d at 616.  Therefore, the prior adjudication was also dispositive of the causation element of plaintiff's current action.

The factual findings in 
Chidichimo I
 establish that defendants had no duty to maintain the records and that plaintiff failed to show their destruction caused her to be unsuccessful in her workers' compensation claim.  Therefore, plaintiff is collaterally estopped from bringing this lawsuit.

Finally, defendants claim that sanctions should be imposed on plaintiff for abuse of the judicial process, pursuant to Supreme Court Rules 137 and 375.  134 Ill. 2d Rs. 137, 375. Defendants' motion for Rule 137 sanctions was denied by the circuit court.  In order to preserve that issue for appellate review, defendants were required to file a cross-appeal.  
Guerino v. Depot Place Partnership
, 273 Ill. App. 3d 27, 31, 652 N.E.2d 410, 413 (1995).  Defendants' failure to file a cross-appeal constitutes a waiver of the sanctions issue. 

With respect to defendants' request for Rule 375 sanctions, we find that plaintiff's appeal was a good-faith argument based on existing law.  This is especially so because, while we affirm the dismissal of plaintiff's complaint, we have held that the trial court's reasoning was erroneous.  Therefore, defendants' request for Rule 375 sanctions is denied.

For the foregoing reasons, the decision of the circuit court of Cook County is affirmed.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.