FIFTH DIVISION

AUGUST 9, 2002

No. 1-00-3857

MALCOLM SCHUSSE, ) APPEAL FROM THE

) CIRCUIT COURT OF  

Plaintiff-Appellant, ) COOK COUNTY.

)

v. ) Nos. 98 L 2847,

) 97 L 15276

)

PACE SUBURBAN BUS DIVISION OF THE )

REGIONAL TRANSPORTATION AUTHORITY, ) HONORABLE

) SOPHIA HALL,

Defendant-Appellee. ) JUDGE PRESIDING.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Malcolm Schusse appeals an order of the circuit court of Cook County dismissing his claim against defendant Pace Suburban Bus Division of the Regional Transportation Authority (Pace, RTA) for spoilation of evidence.

The record on appeal discloses the following facts.  On December 30, 1989, plaintiff, an employee of defendant, was driving a Pace bus when the driver's seat collapsed, allegedly causing a spinal cord injury to plaintiff.  That same day, plaintiff made a statement regarding his injury in a worker's compensation form and submitted the statement to Pace.  On May 8, 1990, plaintiff applied for an adjustment of his claim before the Illinois Industrial Commission.

Defendant replaced the suspension system for the driver's seat in the bus at issue in October 1990.

On October 23, 1991, plaintiff filed suit against the manufacturers of the bus and the driver's seat, alleging negligence, strict products liability and breach of warranty.  Pace was not named as a defendant in the initial complaint.  In August and October 1992, the initial defendants filed third-party complaints against Pace alleging negligence.  In April 1995, one of the third-party complaints was amended to add a count alleging negligent spoilation of evidence.

On October 25, 1995, plaintiff amended his complaint to add Pace as a defendant, alleging negligent spoilation of evidence.  Plaintiff voluntarily dismissed his complaint on February 21, 1997, and refiled the matter on November 26, 1997.

Pace moved to dismiss on the ground that the original and refiled actions against Pace were untimely under the applicable statute of limitations.  Pace acknowledges that the record does not show whether this motion was denied or simply not ruled upon by the trial court.

On August 26, 2000, defendant filed a motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2000)), alleging that the suit was barred by exclusivity provisions found in section 5 of the Workers' Compensation Act (820 ILCS 305/5(a) (West 2000)).  On October 13, 2000, following a hearing on the matter, the trial court granted the motion to dismiss.  On October 26, 2000, the trial court entered an order finding that there was no just reason to delay enforcement or appeal of the dismissal order.  Plaintiff filed a notice of appeal to this court on November 8, 2000.

I

The issue on review is whether the trial court erred in dismissing plaintiff's claim against defendant Pace.  A motion to dismiss based on section 2-619 motion admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matter which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim.  
Joseph v. Chicago Transit Authority
, 306 Ill. App. 3d 927, 930, 715 N.E.2d 733, 736 (1999).  Section 2-619 enables the court to dismiss a complaint after considering issues of law or easily proved issues of fact.  
Yu v. Kobayashi
, 281 Ill. App. 3d 489, 492, 667 N.E.2d 106, 108 (1996).  For example, section 2-619(a)(5) permits dismissal where "the action was not commenced within the time limited by law."  (735 ILCS 5/2-619(a)(5) (West 2000)) Section 2-619(a)(9) provides for dismissal where "the claim asserted against [a] defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim."  735 ILCS 5/2-619(a)(9) (West 2000).  The exclusivity provisions of section 5 of the Workers' Compensation Act (Act) have been considered as a basis for dismissal under section 2-619(a)(9).  See, 
e.g.
, 
Senesac v. Employer's Vocational Resources, Inc.
, 324 Ill. App. 3d 380, 385, 754 N.E.2d 363, 368 (2001).  

The standard of review of a dismissal pursuant to section 2-619 is 
de novo
.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993).  This court can affirm a section 2-619 dismissal on any grounds supported by the record, regardless of the trial court's reasons.  
Ko v. Eljer Industries, Inc.
, 287 Ill. App. 3d 35, 39, 678 N.E.2d 641, 644 (1997).

II

Plaintiff argues that his negligent spoilation of evidence claim is not barred by section 5 of the Workers' Compensation Act, which provides in part as follows:

"(a) No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."  820 ILCS 305/5(a) (West 2000).

Section 11 of the Act also states:

"The compensation herein provided, together with the pro­visions of this Act, shall be the measure of the responsibility of any employer * * * for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act ***."  820 ILCS 305/11 (West 2000).

The exclusive remedy provision of the Act "'is part of the 
quid pro quo
 in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.'"  
Meerbrey v. Marshall Field & Co.
, 139 Ill. 2d 455, 462, 564 N.E.2d 1222, 1225 (1990)
, quoting 2A A. Larson, Workmen's Compensation §65.11 (1988).

Our supreme court has held that an action for negligent spoliation can be stated under existing negligence law.  
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 193, 652 N.E.2d 267, 270 (1995).  Plaintiff notes that 
Boyd
 involved an insurer's loss of evidence in its investigation of the plaintiff's workers' compensation claim.  
Boyd
, 166 Ill. 2d at 195, 652 N.E.2d at 271.  However, Pace correctly notes that 
Boyd
 did not analyze whether such a claim might be barred by the exclusivity provisions of the Act. 

Pace maintains that plaintiff's claim is barred under the above-cited 
Senesac
 case.  In 
Senesac
, the plaintiff employee injured his back while employed as an appliance repairman and was entitled to receive certain payments, including disability payments, from his employer pursuant to a workers' compensation insurance policy.  
Senesac
, 324 Ill. App. 3d at 382, 754 N.E.2d at 365.  The insurer arranged for another defendant to provide plaintiff with vocational rehabilitation and job placement services; the employee and his spouse claimed that the defendants failed to meet the standard for providers of job placement services, causing physical, mental and emotional harm to the plaintiff employee.  
Senesac
, 324 Ill. App. 3d at 382, 754 N.E.2d at 366.

This court held that plaintiffs' claim of intentional infliction of emotional distress was not barred by the Act, as it was a claim of intentional tort, also noting that the defendants' allegedly intentional conduct was not related to either the plaintiff employee's return to work with his former employer or his continued employment with that employer.  
Senesac
, 324 Ill. App. 3d at 391-92, 754 N.E.2d at 373.  However, the 
Senesac
 court also affirmed the dismissal of plaintiffs' claims based on negligence or malpractice in defendants' administration of workers' compensation benefits, holding that those claims were within the scope of the Act and, thus, barred by the exclusivity provisions of the Act.  
Senesac
, 324 Ill. App. 3d at 392, 754 N.E.2d at 373.  Pace argues in its brief that 
Senesac
 holds that "regardless of the nature of the subsequent injury, negligent acts do not rise to the level of intentional acts, and that employers are still entitled to protection for their negligent acts under the Exclusive Remedy provision."

Pace misreads 
Senesac
.  The 
Senesac
 court held "that plaintiffs' claims based on negli­gence or malpractice in defendants' administration of workers' compensation benefits *** are barred by the exclusivity provision of the Act.  Such claims are within the scope of the Act, which *** covers 'accidental' injuries 
arising from the conditions of employment
."  (Emphasis added.)  
Senesac
, 324 Ill. App. 3d at 392, 754 N.E.2d at 373.  It was not solely the fact that the claims were based in negligence, but also that the claims arose from the conditions of employment, that caused them to be barred.

In 
Meerbrey
, our supreme court stated that a plaintiff-employee can escape the exclusivity provisions and bring a common-law action against the employer if the employee can prove 
any
 of the following:  (1) the injury was not accidental; (2) the injury did not arise from his or her employ­ment; (3) the injury was not received during the course of employment; 
or
 (4) the injury was not compensable under the Act.  
Meerbrey
, 139 Ill. 2d at 463, 564 N.E.2d at 1226.  It is the duty of this court to follow the decisions of our supreme court.  
E.g.
, 
Westshire Retirement & Healthcare Center v. Department of Public Aid
, 276 Ill. App. 3d 514, 523, 658 N.E.2d 1286, 1293 (1995).  Accordingly, we reject Pace's suggestion that 
Senesac
 "clarified that all negligence claims are barred," as such an interpretation would be contrary to 
Meerbrey
.

Applying the standards set forth by our supreme court, plaintiff argues that the injury resulting from the alleged spoilation of evidence did not arise out of his employment and were not in the course of his employment.  Initially, we address the nature of the alleged injury in this case.  Although the measure of damages in a spoilation of evidence claim will be similar to that which could have been obtained in an underlying tort action, "Illinois law makes it quite clear that the nature of and basis of liability for those damages [are] quite different."  
Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.
, 317 Ill. App. 3d 67, 75, 739 N.E.2d 85, 91 (2000) (and cases cited therein).  Pace's brief distinguishes 
Fremont
 on the ground that it involved the interpretation of the phrase "bodily injury" in a workers' compensation and employers liability insurance policy.  However, in ruling that spoilation was not a "bodily injury" under the policy, the court rejected the argument that the damages the plaintiff sought were for the injury he suffered when he fell from the ladder.  
Fremont
, 317 Ill. App. 3d at 75, 739 N.E.2d at 90.  Thus, 
Fremont
 establishes that the two injuries are distinct.  Indeed, in discussing 
Senesac
, Pace correctly notes that the 
Senesac
 court was also faced with distinct injuries.  

As it is currently undisputed that the spoilation was unintentional in this case, the crucial questions under 
Meerbrey
 are whether the subsequent, distinct injury:  arises out of the employ­ment, was suffered in the course of employment, or is compensable under the Act.

Injuries "arising out of" employment have been defined as those injuries originating in a risk created by a causal connection between the employment and the injury.  
Lee v. Industrial Comm'n
, 167 Ill. 2d 77, 80, 656 N.E.2d 1084, 1086 (1995).  The required causal connection exists if the injury occurred while the employee was acting under the direction of the employer, if the injury occurred while the employee was performing an act reasonably incident to an assigned duty of employment, or if the injury occurred while the employee was acting pursuant to a statutory or common-law duty while performing duties for his employer.  
Lee
, 167 Ill. 2d at 81, 656 N.E.2d at 1086.  The causal connection is demonstrated where the injury's origin lies in some risk related to the employment.  
Brady v. Louis Ruffolo & Sons Construction Co.
, 143 Ill. 2d 542, 548, 578 N.E.2d 921, 923 (1991).  An injury also may be said to arise out of the employ­ment if the conditions or nature of the employment increases the employee's risk of harm beyond that to which the general public is exposed.  
Brady
, 143 Ill. 2d at 548, 578 N.E.2d at 923.

In contrast, "in the course of employment" refers to the time, place, and circumstances under which the injury is received.  
Brady
, 143 Ill. 2d at 548, 578 N.E.2d at 923.  An injury is received "in the course of employment" where it occurs within a period of employment, at a place where the worker may reasonably be in the performance of his duties, and while he is fulfilling those duties or engaged in something incidental thereto.  
Scheffler Greenhouses, Inc. v. Industrial Comm'n
, 66 Ill. 2d 361, 367, 362 N.E.2d 325, 327 (1977). 

Pace contends that both elements are governed by a "but for" test of causation.  See, 
e.g.
, 
Lagerstrom v. Dupre
, 185 Ill. App. 3d 1020, 1022, 542 N.E.2d 73, 74 (1989) (and cases cited therein).  
Lagerstrom
 and the cases upon which it relied involved malpractice in medical treatment required by the employer to investigate an employee's workers' compensation claim, to evaluate the employee's fitness to return to work, or other work-related purposes.  Such is not the case here.  Indeed, the 
Senesac
 court rejected the overbroad application of a "but for" causation test that Pace urges here.  
Senesac
, 324 Ill. App. 3d at 391-92, 754 N.E.2d at 373.  The 
Senesac
 court also distinguished 
Lagerstrom
 immediately after repeating that "the injury must arise out of the employment to fall under the Act."  
Senesac
, 324 Ill. App. 3d at 391.

Pace has not shown how its preservation or spoilation of evidence in any way arises out of the plaintiff's employment.  Pace has not shown that the spoilation occurred while the employee was acting under the direction of the employer, that the spoilation occurred while the employee was performing an act reasonably incident to an assigned duty of employment, or that it occurred while the employee was acting pursuant to a statutory or common-law duty while performing duties for his employer.  Pace has not shown that the origin of the spoilation lies in some risk related to the employment or increases the employee's risk of harm beyond that to which the general public is exposed, as Pace has not shown that the risk that it will lose or destroy evidence is greater when the plaintiff is an employee, as opposed to a passenger or other member of the public.  

Nor has Pace shown that the injury was suffered "in the course of employment."  Pace has not shown that the spoilation was related to plaintiff's performance of his work duties or any activity incidental to those duties.  Pace has not shown that the spoilation occurred at a place where the worker may reasonably be in the performance of his duties, while he is fulfilling those duties or engaged in something incidental thereto.

Finally, there is the question of whether the injury was compensable under the Act.  Generally, only medical bills and temporary or permanent, partial or total disability are compensable under the Act.  See 820 ILCS 305/8 (West 2000).  "The employer shall also pay for treatment, instruction and training necessary for the physical, mental and vocational rehabilitation of the employee, including all maintenance costs and expenses incidental thereto."  820 ILCS 305/8 (West 2000).  It is thus not surprising that the Act extends to malpractice in medical treatment required by the employer to investigate an employee's workers' compensation claim, to evaluate the employee's fitness to return to work, or other work-related purposes.  In contrast, the spoilation of evidence alleged in this case did not generate medical bills, require plaintiff to take time off from work, or seek work-related medical treatment.

Pace relies heavily on
 Chidichimo v. University of Chicago Press
, 289 Ill. App. 3d 6, 681 N.E.2d 107 (1997) (
Chidichimo II
), and 
Chidichimo v. Industrial Comm'n
, 278 Ill. App. 3d 369, 662 N.E.2d 611 (1996) (
Chidichimo I 
).
(footnote: 1)  In those cases, plaintiff's husband, Martin Chidichimo, a linotype operator, suffered a heart attack and died during his lunch break.  Plaintiff filed a workers' compensation claim against the employer.  In December 1983 and February 1984, plaintiff served the employer with subpoenas for the production of records related to her husband's employment.  The employer provided some of the requested documents but also responded that compliance with the subpoenas was not required because the Workers' Compensation Act did not contain a discovery provision.  In March 1985, the employer deleted the rest of the requested records from its computer system, ostensibly as a routine matter when the records were two years old.

The arbitrator, the Industrial Commission, the circuit court, and the appellate court all held that plaintiff failed to show a causal link between her husband's employment and his heart attack, resulting in the denial of the Workers' Compensation Act claim.  
Chidichimo I
, 278 Ill. App. 3d at 377-78, 662 N.E.2d at 617.  However, while her appeal was pending in this court, plaintiff filed a civil action against the employer for intentional and negligent spoliation of evidence.  
Chidichimo II
, 289 Ill. App. 3d at 9, 681 N.E.2d at 109.  The trial court granted a section 2-619 motion to dismiss, ruling that the action was barred by the exclusivity provisions of the Act.  On appeal, this court, after noting that plaintiff had failed to show a causal link between her husband's employment and his heart attack in 
Chidichimo I
, stated as follows:

"Clearly, therefore, the 'injury was not compensable under the Act' (see 
Meerbrey
, 139 Ill. 2d at 463, 564 N.E.2d at 1226), and plain­tiff's action in this case is not barred by the exclusivity provision.  For these reasons, the circuit court erred in basing the dismissal of plaintiff's action on section 5(a) of the Workers' Compensation Act."  
Chidichimo II
, 289 Ill. App. 3d at 10, 681 N.E.2d at 109-10.

Nevertheless, this court ultimately affirmed the dismissal because the issue of spoliation of evidence had been addressed in 
Chidichimo I
, collaterally estopping plaintiff from relitigating that question.  
Chidichimo II
, 289 Ill. App. 3d at 10, 681 N.E.2d at 110.

Pace's reliance on 
Chidichimo II
 initially seems strange, as that decision holds that a spoilation of evidence claim is not barred by the exclusivity provisions of the Act.  However, Pace seeks to rely on 
Chidichimo II
 because the focus of the analysis was on the heart attack, not the spoilation.  Pace argues that the analysis here should be on the initial injury, rather than the spoilation.  However, the existence of a rule that a spoilation claim is not covered by the Act where the initial injury is not covered by the Act does not require, as a matter of law or logic, a rule that a spoilation claim is covered by the Act where the initial injury is covered by the Act.  

Moreover, while 
Chidichimo II
 is correct to the extent that it holds that the spoilation claim was not compensable under the Act, we do not believe that this conclusion follows only from the lack of a causal link.  If an accidental injury is compensable merely because it arose out of and in the course of employment, then the fourth prong of the 
Meerbrey
 test is superfluous.  This court will not interpret 
Meerbrey
 in such a way that the fourth prong becomes meaningless.  
Toothman v. Hardee's Food Systems, Inc.
, 304 Ill. App. 3d 521, 534, 710 N.E.2d 880, 889 (1999).

In sum,  the injury in this case did not arise from the plaintiff's employment, was not received during the course of employment and
 was not compensable under the Act.  Accordingly, the trial court erred in dismissing the claim as barred under the exclusivity provisions of the Act.

III

Pace argues in the alternative that the claim was properly dismissed as untimely.  Pace admits that the trial court's disposition of this issue is "unclear."  However, this court may affirm the judgment of the trial court for any reason properly appearing in the record.

The limitations period for the commencement of a negligence action for spoliation of evidence is not otherwise provided for by statute and is, therefore, governed by the five-year limitation period set forth in section 13-205 of the Code (735 ILCS 5/13-205 (West 1994)).  
Cammon v. West Suburban Hospital Medical Center
, 301 Ill. App. 3d 939, 951, 704 N.E.2d 731, 740 (1998).  As the damages suffered by the plaintiff in a spoilation case arise from the destruction of evidence, the cause of action may accrue on the date that the evidence is destroyed.  See 
Cammon
, 301 Ill. App. 3d at 950-51, 704 N.E.2d at 739-40.  However, Pace allows that the "discovery rule" may apply in this case.  "The effect of the discovery rule is to postpone the starting of the period of limitations until the injured party knows or should have known of his injury."  
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 414, 430 N.E.2d 976, 979 (1981).

Pace argues that the discovery rule does not apply when an injured party has a reasonable period of time remaining in the limitations period, as measured from the time of the breach or act causing injury, within which to file a complaint (the "reasonable time" rule).  Pace relies on 
Clark v. Western Union Telegraph Co.
, 141 Ill. App. 3d 174, 490 N.E.2d 26 (1986), and 
Dolce v. Gamberdino
, 60 Ill. App. 3d 124, 376 N.E.2d 273 (1978), which applied a "reasonable time" rule.  Our supreme court, however, rejected the "reasonable time" rule in 
Hermitage Corp. v. Contractors Adjustment Co.
, 166 Ill. 2d 72, 83-84, 651 N.E.2d 1132, 1138 (1995).  Accordingly, this court is precluded from applying it in this case.

In this case, Pace discarded the seat at issue on October 18, 1990.  The earliest date upon which plaintiff should have known that Pace had discarded the seat was in April 1995, when a third-party complaint against Pace alleged spoilation of evidence.  Applying the discovery rule, plaintiff had until April 2000 to file his spoilation claim against Pace.  Plaintiff filed his spoilation claim on October 25, 1995.  Thus, plaintiff's spoilation claim was timely filed.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings.

Reversed and remanded.

GREIMAN and QUINN, JJ., concur.

FOOTNOTES
1:  Pace also discusses 
Pinkerman v. Eagle Food Stores, Inc.
, 98 Ill. App. 2d 165, 240 N.E.2d 130 (1968) (abstract of op.), even calling it "particularly enlightening."  The improper citation of abstract opinions and Rule 23 (166 Ill. 2d R. 23) orders as precedent consistently has been condemned by courts of review.  
Cochran v. Great Atlantic & Pacific Tea Co.
, 203 Ill. App. 3d 935, 937, 561 N.E.2d 229, 230 (1990).  A judicial opinion must be read as applicable only to the facts involved and is authority only for what is actually decided.  
E.g.
, 
Bergin v. Board of Trustees of the Teachers' Retirement System
, 31 Ill. 2d 566, 574, 202 N.E.2d 489, 494 (1964).  Accordingly, an abstract cannot be relied upon as precedent.