SECOND DIVISION

May 25, 2004

(
Nunc
 
Pro
 
Tunc
 March 31, 2004)

No. 1-03-0730

PAULA Q. MARTINEZ,

Plaintiff-Appellant,

v.

THE DEPARTMENT OF PUBLIC AID, an Agency of the State of Illinois, and BANK ONE, N.A., a National Banking Association, 

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

)

Appeal from

the Circuit Court

of Cook County

No. 02 CH 15735

       

Honorable

Gay Lloyd-Lott,

Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Paula Q. Martinez appeals the trial court order dismissing her complaint against defendants the Illinois Department of Public Aid (Department) and Bank One, N.A.  We affirm.

This dispute arose over an arrearage in child support owed by plaintiff's nephew, Mauro Rodriguez.  Rodriguez owed his ex-wife $28,316.96 in past-due child support for the couple's two children.  While investigating Rodriguez's assets, the Department discovered a savings account with Bank One held by Rodriguez and plaintiff.  The Department placed a lien on the account under section 10-25.5 of the Illinois Public Aid Code (Public Aid Code) (305 ILCS 5/10-25.5 (West 2002)) and section 160.70(g)(2) of the Illinois Administrative Code (Administrative Code) (89 Ill. Adm. Code §160.70(g)(2) (2002)).  Notice of the lien was sent to plaintiff, advising plaintiff of her right to prevent the levy on her share of the account by requesting a hearing within 15 days of the notice.  Plaintiff received the notice but did not request a hearing, later alleging she "lacked the capacity to understand said notice."

On direction of the Department, Bank One surrendered $28,316.96 of the account to the Department on January 11, 2002.  After receiving the money, the Department forwarded the funds to Rodriguez's ex-wife.  On March 26, 2002, plaintiff sent the Department a letter demanding return of the funds to her account.  The Department advised plaintiff it was no longer in possession of the funds.

On August 27, 2002, plaintiff filed a two-count declaratory judgment action against defendants.  In count I, plaintiff sought a declaratory judgment that section 160.70(g)(2) of the Administrative Code, to the extent it gave the Department "authority to adjudicate its own lien claim against plaintiff," is unconstitutional.  In addition to declaratory relief, plaintiff sought "an order requiring the return of [the transferred] funds to [p]laintiff, prejudgment interest, plus costs and such other relief as the court deems just and proper."  Count II was brought against Bank One and alleged Bank One wrongfully surrendered the funds in plaintiff's account to the Department.  Plaintiff sought a declaratory judgment that the account funds "were at all times the property of [p]laintiff and *** an order requiring the return of said funds to [p]laintiff, prejudgment interest, plus costs and such other relief as the court deems just and proper."  As a basis for relief on both counts, plaintiff alleged the savings account had been in her name for several years.  She added Rodriguez to the account out of convenience "so he could make transactions on behalf of [p]laintiff with respect to the account."  Plaintiff alleged Rodriguez was not given an interest in the account.

The Department moved to dismiss count I under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2002)), arguing sovereign immunity deprived the court of jurisdiction over plaintiff's claim because it was a claim against the state for money damages.  Bank One moved to dismiss count II of the complaint under section 2-615 of the Code (735 ILCS 5/2-615 (West 2002)), arguing it was immune from liability under section 24.50 of the Public Aid Code (305 ILCS 5/10-24.50 (West 2002)).  The trial court granted defendants' motions and denied plaintiff's motion for leave to file an amended complaint.  Plaintiff appeals.

We review the trial court order dismissing plaintiff's complaint under sections 2-615 and 2-619 of the Code 
de novo
.  See 
Feltmeier v. Feltmeier
, 207 Ill. 2d 263, 266, 798 N.E.2d 75 (2003).

Count I of plaintiff's complaint alleged section 160.70(g)(2) of the Administrative Code violates article I, section 12 (open courts provision), and article II, section 1  (separation of powers clause), of the Illinois Constitution.  Ill. Const. 1970, art. I, §12, art. II, §1.  Section 160.70(g)(2) governs enforcement of child support orders through liens on the personal property of people who are legally responsible for dependant support.  See 89 Ill. Adm. Code §160.70(g)(2) (1996); see also 89 Ill. Adm. Code §160.5 (1996) (defining "responsible relative").  Because plaintiff did not specify which provisions of section 160.70(g)(2) are unconstitutional, we set forth the full text of the rule below:

"Liens against personal property

The Department shall impose liens against personal property of responsible relatives in IV-D cases in accordance with Article X of the Illinois Public Aid Code when the following circumstances exist:

the amount of past-due support is at least $1,000;

the responsible relative has an interest in personal property against which a lien may be claimed; and

if the personal property to be levied is an account as defined in Section 10-24 of the Illinois Public Aid Code [305 ILCS 5/10-24], the account is valued in the amount of at least $300.

The Department shall prepare a Notice of Lien or Levy that shall be provided to the responsible relative, 
any joint owner of whom the Department has knowledge and location information
, and either the financial institution in which the account of the responsible relative is located or the sheriff of the county in which the personal property of the responsible relative is located.  The notice shall inform the responsible relative, joint owner if applicable, and the financial institution or the sheriff of the following:

the name and address of the responsible relative;

a description of the account or personal property to be levied;

iii) the amount of past-due support to be satisfied by the levy;

iv) the fact that a lien is being claimed for past-due child support owed by the responsible relative;

v) the right of the responsible relative to prevent levy upon the personal property, including accounts, by payment of the past-due support amount in full or by contesting the determination that past-due support is owed or the amount of past-due support by requesting a hearing within 15 days after the date of mailing of the Notice of Lien or Levy; and

vi)
 the right of a joint owner to prevent levy upon his or her share of the account or other personal property or to seek a refund of his or her share of the account or other personal property already levied, by requesting, within 15 days after the date of mailing of the Notice of Lien or Levy to the joint owner, a hearing by the Department to determine his or her share of the account or other personal property.
  A joint owner who is not provided with a Notice of Lien or Levy by the Department may request a hearing by the Department within 45 days after the date of levy of the account or other personal property. 

    C) In addition to the information to be included in the Notice of Lien or Levy under subsection (g)(2)(B), the Notice of Lien or Levy provided to a financial institution shall:

i) state that the lien is subordinate to any prior lien or prior right of set-off that the financial institution may have against the assets, or in the case of an insurance company or benefit association only in the accounts as defined in Section 10-24 of the Illinois Public Aid Code [305 ILCS 5/10-24];

ii) state that upon being served with the Notice of Lien or Levy that the financial institution shall encumber the assets in the account, and surrender and remit such assets within five days after being served with a Notice to Surrender Assets by the Department;

     iii) state that the financial institution may charge the responsible relative's account a fee of up to $50, and that the amount of any such fee be deducted from the account before remitting any assets from the account to the Department; and

    iv) include a form, Response to Notice of Lien or Levy, to be completed by the financial institution and returned to the Department within 30 days after receipt of the Notice of Lien.

D) The form for the response to Notice of Lien or Levy provided for under subsection (g)(2)(C)(iv) of this Section shall include provisions for the financial institution to complete stating:

     i) the amount of assets in the responsible relative's account;

     ii) the amount of the fee to be deducted from the account;

     iii) the amount of assets in the account subject to a prior lien or prior right of set-off of the financial institution;

     iv) the name and address of any joint owners of the account; and

     v) the amount of assets surrendered and remitted to the Department.

    E) A written request for a hearing made within 15 days after the date of mailing the Notice of Lien or Levy shall stay the Department from levying upon the personal property, although the lien shall remain in effect during the pendency of any appeal taken pursuant to this subsection (g).

 F) The Department shall proceed in accordance with 89 Ill. Adm. Code 104.103 upon receipt of the responsible relative's written request for hearing, except that 89 Ill. Adm. Code 104.103(b) and (c) shall not apply.

    G) The Department shall proceed in accordance with 89 Ill. Adm. Code 104.110 upon receipt of a joint owner's written request for a hearing.

    H) 
 The Department, upon determining a joint owner's share of the personal property or account, shall release the lien against the personal property or account to the extent of the joint owner's share.  If the Department's determination of the joint owner's share occurs after the personal property or account has been levied, the Department shall refund the joint owner's share of the personal property or account
.

   I) The Department shall notify the Clerk of the Court of the county in which the child support order was entered of any amount collected for posting to the court payment record.

    J) Information obtained from financial institutions as to the location of personal property, including accounts, of responsible relatives shall be subject to all State and federal confidentiality laws and regulations.  Following data exchange with financial institutions to locate personal property of responsible relatives, the Department shall return to financial institutions such data that does not relate to a responsible relative whose personal property may be subject to lien or levy under this subsection (g)." (Emphasis added.)  89 Ill. Adm. Code §160.70(g)(2) (2002).

Plaintiff's complaint alleges this rule violates the open courts provision and separation of powers clause "[t]o the extent it gives the [Department] authority to adjudicate its own lien claim against plaintiff."

The open courts provision provides:

"Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation.  He shall obtain justice by law, freely, completely, and promptly."  Ill. Const. 1970, art. I, §12.

We are aware of no set of facts that would entitle plaintiff to recovery under the open courts provision.  See 
Beahringer v. Page
, 204 Ill. 2d 363, 369, 789 N.E.2d 1216 (2003) (a cause of action may be dismissed on the pleadings if it clearly appears that no set of facts can be proved that would entitle the plaintiff to recover).  The open courts provision is merely an expression of philosophy and does not mandate that a certain remedy be provided in any specific form.  
Segers v. Industrial Comm'n
, 191 Ill. 2d 421, 435, 732 N.E.2d 488, 496 (2000).  The provision only requires there be some remedy for an alleged wrong.  
Berlin v. Nathan
, 64 Ill. App. 3d 940, 950, 381 N.E.2d 1367 (1978).  Section 160.70(g)(2) of the Administrative Code provides a specific remedy for plaintiff.  The rule requires the Department to give notice to joint owners such as plaintiff of a lien against the joint owner's personal property.  89 Ill. Adm. Code §160.70(g)(2)(B)(vi) (2002).  Plaintiff was entitled to a hearing to prevent the lien on her share of the account.  On a showing that the lien was placed exclusively against plaintiff's property, as was alleged in the complaint, the Department was required to release the lien.  89 Ill. Adm. Code §160.70(g)(2)(B)(vi), (G), (H) (2002).  Plaintiff's failure to invoke her rights under the rule does not render the rule unconstitutional.  Nor does the dismissal of plaintiff's complaint constitute a violation of the open courts provision.  See 
State Bank of Lombard v. Segovia
, 49 Ill. App. 3d 682, 685, 364 N.E.2d 688 (1977) (constitutional rights cannot be infringed when an insufficient or defective complaint is dismissed).

Plaintiff next alleged the rule violates the separation of powers clause.  This clause provides:  "The legislative, executive and judicial branches are separate.  No branch shall exercise powers properly belonging to another."  Ill. Const. 1970, art. II, §1.  The purpose of the separation of powers clause "is to insure that each of the three branches of government retains its own sphere of authority, free from undue encroachment by the other branches."   
People v. Izzo
, 195 Ill. 2d 109, 116, 745 N.E.2d 548 (2001).  "The doctrine comes into play when one branch seeks to exert a substantial power belonging to another."  
Izzo
, 195 Ill. 2d at 116.  Although plaintiff uses the term "adjudicate" in her complaint, she failed to allege how section 160.70(g)(2) of the Administrative Code authorizes the Department to encroach on another branch of government.  No such encroachment is apparent from the face of the rule or under the facts as alleged in plaintiff's complaint.  The rule outlines the administrative procedures to be followed when enforcing a lien against personal property under the Public Aid Code.  It does not grant the Department legislative or judicial authority.

In sum, we find count I of plaintiff's complaint properly dismissed for failure to state a claim on which relief could be granted.  See 
Beahringer
, 204 Ill. 2d at 369.  The trial court's dismissal of count I is affirmed on this ground.  See 
Schusse v. Pace Suburban Bus Division of the Regional Transportation Authority
, 334 Ill. App. 3d 960, 964, 779 N.E.2d 259 (2002) (reviewing court can affirm an involuntary dismissal on any grounds supported by the record).

We next address the trial court's dismissal of count II of plaintiff's complaint against Bank One.  Plaintiff alleged Bank One improperly surrendered monies in the account to the Department without plaintiff's authority.  As Bank One correctly points out, its actions were immune from liability under section 10-24.50 of the Public Aid Code.  305 ILCS 5/10-24.50 (West 2002) (financial institution shall not be liable for surrendering a person's accounts in response to a lien or order issued by the Department).  

Plaintiff contends on appeal that section 10-24.50 is void.  Plaintiff's argument is premised on a finding that section 10-25.5 of the Public Aid Code is unconstitutional and section 10-24.50 is not severable therefrom.  Plaintiff argues, "[t]o the extent [section 10-25.5] implicitly confers, or even if it expressly conferred, jurisdiction upon the [Department] to adjudicate the rights between [p]laintiff and Rodriguez in the funds held in the [a]ccount, [s]ection 10-25.5 is unconstitutional."  Plaintiff does not cite, nor can we ascertain from plaintiff's limited argument, the constitutional provision allegedly violated by section 10-25.5.  Plaintiff's failure to present a coherent argument supported by citations to relevant authority waives the issue for review.  See 
Roe v. Jewish Children's Bureau of Chicago
, 339 Ill. App. 3d 119, 125, 790 N.E.2d 882 (2003).

Plaintiff lastly argues the trial court erred in denying her oral motion for leave to amend the complaint "in the event facts existed which could be alleged showing the [b]ank's actions or omissions constituted gross negligence or wilful misconduct."  Plaintiff has not alleged, nor does the record show, facts that could sustain such allegation.  Without such facts, we find the trial court did not abuse its discretion in denying plaintiff leave to file an amended complaint.  See  
Botti v. Avenue Bank & Trust Co. of Oak Park
, 103 Ill. App. 3d 1052, 1055, 432 N.E.2d 295 (1982) (trial court did not abuse discretion in denying motion to amend complaint based on "additional facts" when no amendment was presented with the motion and there was no indication of the content of the amendment).

The judgment of the circuit court is affirmed.

Affirmed.

WOLFSON, P.J., and BURKE, J., concur.